## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

RECEIVED

2006 NOV 13 P 3: 56

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| LONNIE GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| HYUNDAI MOTOR | ) | 2:06 CV 1018 - MEF |
| MANUFACTURING ALABAMA, | ) | |
| LLC; RUST CONSTRUCTORS, | ) | |
| INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "Hyundai"), hereby removes this action pursuant to 28 U.S.C. §§ 1332 and 1441 from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully state to this Court as follows:

1.     The named Plaintiff in this action is Lonnie Gant ("Gant").    On September 19, 2006, Gant filed suit in the Circuit Court of Montgomery County, Alabama.  The suit was assigned civil action number 2006-2465. A true and accurate copy of the summons and complaint is attached as **Exhibit A**.

2.      Plaintiff is a citizen of the State of Kentucky.  Complaint, ¶1.

3.      The only named defendants are Hyundai and Rust Constructors, Inc.

        (hereinafter "Rust").

4.      Hyundai is a limited liability company whose single member is Hyundai

        Motor America, a California corporation with its principal place of

        business in California.  Hyundai was served on or about October 11,

        2006.

5.      Rust is a Delaware corporation whose principal place of business is

        located in Birmingham, Alabama.  Rust was served on or about October

        11, 2006.  Rust has consented to this removal.  See **Exhibit B**.

6.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

        § 1332 because (a) the amount in controversy exceeds the sum or value

        of $75,000, exclusive of interest and costs, and (b) it is a civil action

        wherein complete diversity of citizenship exists.

### DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7.      This Notice of Removal is being timely filed pursuant to 28 U.S.C.

        §1446(b) because it is filed within thirty days of service on all properly

        served defendants.

8.      The United States District Court for the Middle District of Alabama

        (Northern Division) embraces the county in which the state court action

2

is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(b)(1) & 1441(a).

9. All of the properly joined and served defendants have consented to this removal.

10. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

## REMOVAL IS PROPER IN THIS CASE BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441

11. There is complete diversity as between Plaintiff and Defendants.

12. Upon information and belief, Plaintiff is a resident and citizen of the State of Kentucky. In fact, the Complaint specifically states that Plaintiff Gant is a resident of Kentucky. Complaint, ¶1.

13. Hyundai is a limited liability company whose single member is Hyundai Motor America, a California corporation with its principal place of business in California, and, therefore, is a citizen of California for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1); Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020,

1022 (11th Cir. 2004) ("a limited liability company is a citizen of any state of which a member of the company is a citizen").

14. Rust is a Delaware corporation whose principal place of business is located in Birmingham, Alabama. Therefore, Rust is a citizen of Delaware and Alabama for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1).

15. The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. See 28 U.S.C. § 1441(a).

16. In addition, the jurisdictional amount in controversy is satisfied because, although Plaintiff's Complaint fails to allege a specific claim for damages, Plaintiff clearly will seek an amount of compensatory and punitive damages that will exceed $75,000 exclusive of interest and costs. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). A removing party's burden where a plaintiff has asked for an unspecified amount of damages is only to show that "the amount in controversy more likely than not exceeds the...jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000). Here, Plaintiff demands compensatory and punitive damages for various forms of negligence and wantonness.

4

He claims that, as a result of the Defendants' actions or omissions, he suffered "significant and permanent injuries," including closed head injuries; concussion; scalp lacerations; blunt chest injuries; pneumonia; pulmonary contusions; tibula/fibula fracture; spinal burst fractures; and numerous bruises, contusions and lacerations. He claims damages for physical pains and mental anguish. He also appears to claims damages for "significant medical treatment, including two major surgeries, several days of intensive care hospitalization, and physical rehabilitation;" lost income; lost future income; diminished quality of life; and past and future medical expenses. Opinions in other personal injury cases dealing with the "amount in controversy issue" indicate that the amount in controversy in this case is more likely than not in excess of the $75,000 jurisdictional limit of this Court. See, e.g., Toole v. Chupp, 2006 U.S. Dist. LEXIS 67476 (M.D. Ala. Sept. 19, 2006); Blizzard v. Food Giant Supermarkets, Inc., 196 F. Supp. 2d 1202, 1203 n.1 (M.D. Ala. 2002). The attached affidavit of Robert C. Ward, Jr., also supports the fact that the amount in controversy here likely exceeds $75,000 exclusive of interest and costs. See **Exhibit C**.

WHEREFORE, Defendant Hyundai Motor Manufacturing Alabama, LLC, respectfully removes this action from the Circuit Court of Montgomery County,

Alabama, bearing civil action number CV-06-2465, to this Court, pursuant to 28

U.S.C. §§ 1332 and 1441.

DATED this 10th day of November 2006.

Respectfully submitted,

ROBERT C. WARD, JR. (asb-5442-d65r)
BETHANY L. BOLGER (asb-6740-e60b)
Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC
Motor Manufacturing Alabama, LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
 (334) 206-3229 (Ward phone)
(334) 206-3194 (Bolger phone)
(334) 481-0031 (fax)
rcw@rsjg.com (Ward e-mail)
bbolger@rsjg.com (Bolger e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 13th day of November 2006.

Parker C. Johnston, Esq.
Attorney at Law, LLC
Post Office Box 1207
Millbrook, Alabama 36054

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama  36102-2148

_Bethy Bolyn_
Of counsel

7

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LONNIE GANT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    CASE NO.: CV-2006- _24-65_ |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC; RUST CONSTRUCTORS, | ) |
| INC.; and, fictitious defendant "A," being the | ) |
| person, firm, corporation, or entity who was | ) |
| responsible for providing the plaintiff with a | ) |
| reasonably safe workplace at the time of the | ) |
| accident which is the subject of this action; | ) |
| fictitious defendant "B,"being the person, firm, | ) |
| corporation, or entity who owned, operated, | ) |
| and/or controlled the premises where the | ) |
| accident occurred; fictitious defendant "C," | ) |
| being the person, firm, corporation, or | ) |
| entity who owned, operated, designed, | ) |
| manufactured, placed in the stream of | ) |
| commerce, installed, controlled, inspected, | ) |
| maintained, and/or repaired the man lift which | ) |
| collapsed and fell on top of the plaintiff; | ) |
| fictitious defendant "D," being the person, firm, | ) |
| corporation, or entity who was responsible | ) |
| for establishing and/or enforcing reasonable | ) |
| and adequate safety practices and procedures | ) |
| on the premises where the accident occurred; | ) |
| fictitious defendants "E" through"Z," being the | ) |
| persons, firms, corporations or entities whose | ) |
| negligence, wantonness, or other wrongful | ) |
| conduct otherwise caused or contributed to the | ) |
| plaintiff's injuries and damages, whose true and | ) |
| correct names are unknown to the plaintiff at | ) |
| this time, but will be substituted by amendment | ) |
| when ascertained, | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 SEP 19  PM 12: 31

Blumberg No. 5118
EXHIBIT
A.

COMES NOW the plaintiff, Lonnie Gant (hereinafter, "Lonnie Gant"), and submits unto the Court his complaint in the above-styled matter against defendants Hyundai Motor Manufacturing, LLC, Rust Constructors, Inc., and the fictitious defendants listed above.

## I. BACKGROUND OF THE PARTIES

1.      The plaintiff, Lonnie Gant, is over nineteen years of age and is a resident of the State of Kentucky.

2.      The defendant, Hyundai Motor Manufacturing, LLC (hereinafter, "Hyundai") is, to the plaintiff's knowledge and belief, a limited liability company with its principal place of business located in Montgomery County, Alabama.

3.      The defendant, Rust Constructors, Inc. (hereinafter, "Rust") is, to the plaintiff's knowledge and belief, a corporation which was doing business in Montgomery County, Alabama at the time of the accident which is the subject of this action.

4.      Fictitious defendant "A" is the person, firm, corporation, or entity who was responsible for providing the plaintiff with a reasonably safe workplace at the time of the said accident.

5.      Fictitious defendant "B" is the person, firm, corporation, or entity who owned, operated, and/or controlled the premises where the said accident occurred.

6.      Fictitious defendant "C" is the person, firm, corporation, or entity who owned, operated, designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift which collapsed and fell on top of the plaintiff.

7.      Fictitious defendant "D" is the person, firm, corporation, or entity who was responsible for establishing and/or enforcing reasonable and adequate safety practices and

procedures on the premises where the said accident occurred.

8.      Fictitious defendants "E" through "Z" are the persons, firms, corporations, or entities whose negligence, wantonness, or other wrongful conduct otherwise caused or contributed to the said accident and/or to the plaintiff's injuries and damages therefrom.

## II. <u>BACKGROUND OF THE FACTS</u>

9.      On September 24, 2004, Lonnie Gant was employed by American Industrial, Inc. to perform work at the construction site of the Hyundai automotive manufacturing plant located in Montgomery County, Alabama.

10.     On said date, Lonnie Gant was working underneath a "man lift" at the Hyundai site, when said lift collapsed suddenly and fell on top of him.  The accident caused significant and permanent injuries to Lonnie Gant, specifically including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with no less than three fractured ribs, and pneumonia secondary thereto; pulmonary contusions; left tibula/fibula fracture (which resulted in the insertion of permanent rods in his left leg); spinal burst fractures (which resulted in a four-level fusion); and, numerous bruises, contusions, and lacerations.

Lonnie Gant has suffered, and will continue in the future to suffer, physical pain, and mental anguish due to the accident.  He has received significant medical treatment, including two major surgeries, several days of intensive care hospitalization, and physical rehabilitation.

Lonnie Gant has also lost income due to his injuries and has lost future income due to his diminished capacity to work in the field of construction.  He has also suffered a diminished quality of life both now and in the future.

Lonnie Gant has incurred medical expenses and will likely incur future medical expenses due

to the accident.

11.     On the date of Lonnie Gant's accident, Hyundai was the owner and/or general contractor of the construction project and premises where said accident occurred.

12.     On the date of Lonnie Gant's accident, Rust was the owner and/or general contractor of the construction project and premises where said accident occurred.

13.     Hyundai and Rust (along with the above referenced fictitious defendants) were responsible for safety on the job site at the time of the accident, specifically including, but not limited to, the condition of the man lift which collapsed and fell on top of Lonnie Gant.

## COUNT ONE
### (Negligent/Wanton Failure To Maintain Safe Workplace)

14.     Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

15.     On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

16.     The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to maintain the workplace premises in a reasonably safe condition; by their negligent and wanton failure to use methods and processes reasonably adequate to render the workplace premises reasonably safe; and, by their failure to take actions reasonably necessary to protect the life, health and safety of persons working on said premises.

- 4 -

17.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT TWO
### (Negligent/Wanton Inspection of Workplace Premises)

18.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

19.    On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

20.    Defendants Hyundai and Rust (and/or the fictitious defendants) undertook and assumed the duty and responsibility for the safety of the construction project and the workplace premises where Lonnie Gant was injured.

21.    The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to properly inspect the workplace premises for safety purposes; to ensure that said premises were

operated and maintained in a reasonably safe manner and condition; and, to implement and enforce reasonable policies and procedures related to safety.

22.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT THREE
### (Negligent/Wanton Failure to Warn)

23.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

24.    On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

25.    Defendants Hyundai and Rust (and/or the fictitious defendants) knew or, in the exercise of reasonable care, should have known of any defective condition or danger which caused said man lift to collapse and fall on Lonnie Gant.

- 6 -

26.    Such defective condition or danger was hidden and was not otherwise known to Lonnie Gant at the time of the accident, and the defendants did not warn him of such defect or danger.

27.    The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to warn him of the defective condition or danger which caused the man lift to collapse and fall on top of him.

28.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FOUR
### (Negligent/Wanton Failure To Maintain Man Lift In Reasonably Safe Condition)

29.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

30.    On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above

- 7 -

referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

31.     The man lift which collapsed and fell on top of Lonnie Gant was owned, installed, operated, and/or otherwise maintained and/or controlled by defendants Hyundai and Rust (and/or by the fictitious defendants).

32.     The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to maintain the said man lift in a reasonably safe condition.

33.     Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FIVE
### (Negligent/Wanton Design and Manufacture of Man Lift )

34.     Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

35.     On or about September 24, 2004, Lonnie Gant was injured while working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by

- 8 -

the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

36.    The man lift which collapsed and fell on top of Lonnie Gant was designed, manufactured, installed, controlled, inspected, maintained, and/or repaired by defendants Hyundai and Rust (and/or by the fictitious defendants).

37.    The defendants placed the man lift into the stream of commerce in a defective and unreasonably dangerous condition, and it was eventually installed and used on the workplace premises where Lonnie Gant was injured.

38.    The man lift remained in a defective and/or unreasonably dangerous condition when it collapsed and fell on top of Lonnie Gant.

39.    The identities of the parties (other than Hyundai and Rust) who designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift are unknown at this time, but will be substituted by amendment when ascertained.

40.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render

in this matter, including interest and costs.

**PARKER C. JOHNSTON (JOH097)**
Attorney for Plaintiff

Parker C. Johnston
Attorney at Law, LLC
3090 Alabama Highway 14
P. O. Box 1207
Millbrook, Alabama 36054
334-285-1033
FAX: 334-285-1035

PLAINTIFF DEMANDS A TRIAL BY JURY.

- 10 -

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LONNIE GANT,               )
                             )
         Plaintiff,       )
                             )
v.                           )   CASE NO.: CV-2006-2465
                             )
HYUNDAI MOTOR MANUFACTURING   )
ALABAMA, LLC; RUST CONSTRUCTORS,   )
INC.; and, fictitious defendant "A," being the   )
person, firm, corporation, or entity who was   )
responsible for providing the plaintiff with a   )
reasonably safe workplace at the time of the   )
accident which is the subject of this action;   )
fictitious defendant "B,"being the person, firm,   )
corporation, or entity who owned, operated,   )
and/or controlled the premises where the   )
accident occurred; fictitious defendant "C,"   )
being the person, firm, corporation, or   )
entity who owned, operated, designed,   )
manufactured, placed in the stream of   )
commerce, installed, controlled, inspected,   )
maintained, and/or repaired the man lift which   )
collapsed and fell on top of the plaintiff;   )
fictitious defendant "D," being the person, firm,   )
corporation, or entity who was responsible   )
for establishing and/or enforcing reasonable   )
and adequate safety practices and procedures   )
on the premises where the accident occurred;   )
fictitious defendants "E" through"Z," being the   )
persons, firms, corporations or entities whose   )
negligence, wantonness, or other wrongful   )
conduct otherwise caused or contributed to the   )
plaintiff's injuries and damages, whose true and   )
correct names are unknown to the plaintiff at   )
this time, but will be substituted by amendment   )
when ascertained,   )
                             )
         Defendants.     )

FILED
2006 SEP 19 PM 12:30
CIRCUIT COURT OF
MONTGOMERY COUNTY

## SUMMONS - CIVIL

NOTICE TO:  Hyundai Motor Manufacturing Alabama, Inc.
            AGENT: THE CORPORATION COMPANY
            2000 Interstate Park Drive, Suite 204
            Montgomery, Alabama 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR
HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION
IN THE COMPLAINT TO THE PLAINTIFFS' ATTORNEY, **Parker C. Johnston**, WHOSE ADDRESS IS **3090 Alabama
Hwy. 14, P. O. Box 1207, Millbrook, AL 36054.**  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30**
DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
--------------------------------------------------------------------------------------------------------------
___✓___  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the
Alabama Rule of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this
action upon defendant.

_____  This service is by U. S. mail of this summons is initiated upon the written request of **PLAINTIFFS** pursuant to Rule
4.1(c) of the Alabama Rules of Civil Procedure.
__10/05/06__  By:_____
   Date                    Clerk/Register
--------------------------------------------------------------------------------------------------------------
Return on Service:
_____  Certified Mail return receipt received in this Office on (Date)_____
       (Return receipt       hereto attached.)

_____  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on (Date) _____.


_____              _____
Date                                      Server Signature

Address of Server:_____

Type of Process Server  _____

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LONNIE GANT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CASE NO.: CV-2006-**2465 |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC; RUST CONSTRUCTORS, | ) |
| INC.; and, fictitious defendant "A," being the | ) |
| person, firm, corporation, or entity who was | ) |
| responsible for providing the plaintiff with a | ) |
| reasonably safe workplace at the time of the | ) |
| accident which is the subject of this action; | ) |
| fictitious defendant "B,"being the person, firm, | ) |
| corporation, or entity who owned, operated, | ) |
| and/or controlled the premises where the | ) |
| accident occurred; fictitious defendant "C," | ) |
| being the person, firm, corporation, or | ) |
| entity who owned, operated, designed, | ) |
| manufactured, placed in the stream of | ) |
| commerce, installed, controlled, inspected, | ) |
| maintained, and/or repaired the man lift which | ) |
| collapsed and fell on top of the plaintiff; | ) |
| fictitious defendant "D," being the person, firm, | ) |
| corporation, or entity who was responsible | ) |
| for establishing and/or enforcing reasonable | ) |
| and adequate safety practices and procedures | ) |
| on the premises where the accident occurred; | ) |
| fictitious defendants "E" through"Z," being the | ) |
| persons, firms, corporations or entities whose | ) |
| negligence, wantonness, or other wrongful | ) |
| conduct otherwise caused or contributed to the | ) |
| plaintiff's injuries and damages, whose true and | ) |
| correct names are unknown to the plaintiff at | ) |
| this time, but will be substituted by amendment | ) |
| when ascertained, | ) |
| | ) |
| **Defendants.** | ) |

### SUMMONS - CIVIL

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 SEP 19 PM 12: 31

NOTICE TO:  Rust Constructors, Inc.
            AGENT: CSC Lawyers Incorporating
            150 South Perry Street
            Montgomery, Alabama 36104



THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS' ATTORNEY, **Parker C. Johnston**, WHOSE ADDRESS IS **3090 Alabama Hwy. 14, P. O. Box 1207, Millbrook, AL 36054**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

-------------------------------------------------------------------------------------------------------------------

_✓_  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rule of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

____  This service is by U. S. mail of this summons is initiated upon the written request of **PLAINTIFFS** pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

_10/05/06_   By:_____
Date               Clerk/Register

-------------------------------------------------------------------------------------------------------------------

Return on Service:
____  Certified Mail return receipt received in this Office on (Date)_____
      (Return receipt       hereto attached.)

____  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on (Date) _____.

_____        _____
Date                             Server Signature

Address of Server:_____

Type of Process Server _____

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA~~RECEIVED~~
NORTHERN DIVISION

2006 NOV 13 P 3: 55

LONNIE GANT,                          )

    Plaintiff,                         )

v.                                    )

HYUNDAI MOTOR                         )
MANUFACTURING ALABAMA,                )
LLC; RUST CONSTRUCTORS,               )
INC., et al.                          )

    Defendants.                        )

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No. 2: 06 cv 1018 - MEF

(Removed from the Circuit Court
of Montgomery County, Alabama,
formerly Civ. Action No. 06-2465)

## CONSENT TO REMOVAL

COMES NOW the Defendant styled as Rust Constructors, Inc., by and
through legal counsel, and hereby provides notice of its consent to and joinder in
removal of this action from the Circuit Court of Montgomery County, Alabama, to
the Middle District of Alabama, Northern Division.

_____
C. Winston Sheehan, Jr.
Attorney for Defendant Rust Constructors, Inc.

EXHIBIT
B.

# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING ALABAMA,** | ) |
| **LLC; RUST CONSTRUCTORS,** | ) |
| **INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

2006 NOV 13 P 3: 55

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Civil Action No. _____

2: 06 cv 1018 - MEF

## AFFIDAVIT

STATE OF ALABAMA            |

COUNTY OF MONTGOMERY        |

This day personally appeared before me, the undersigned authority at law in and for the state and county aforesaid, ROBERT C. WARD, JR., one of the attorneys for HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC ("Hyundai"), in that certain case now pending in the Circuit Court of Montgomery County, Alabama, styled *Lonnie Gant vs. Hyundai Motor Manufacturing, Alabama, LLC, et al.*, and being case number CV-2006-2465 on the docket of said court and, who after being by me first duly sworn, stated and deposed upon his oath as follows:

EXHIBIT

*C.*

Blumberg No. 5118

1.    My name is Robert C. Ward, Jr., and I am a practicing attorney at law in the state of Alabama, being duly licensed by the State. I am admitted to practice in all state courts and all federal district courts in Alabama. I have practiced law in the state of Alabama since 1991. I have been licensed to practice since 2004 in all Georgia state courts, the Supreme Court of Georgia, Court of Appeals of Georgia, and U.S. District Court, Northern District of Georgia. I am competent to make this affidavit.

2.    I make this affidavit in support of Hyundai's Notice of Removal seeking to remove the above-styled matter to the United States District Court for the Middle District of Alabama, Northern Division. The facts stated in this affidavit are within my personal knowledge and are true and correct.

3.    I have been retained by Hyundai to defend it in the above-styled matter. I have reviewed the Complaint, which seeks recovery by the Plaintiff against Hyundai for alleged negligence and wantonness for severe injuries sustained from an accident involving a man lift falling on top of him.

4.    Through the years I have worked on several cases involving severe injuries amounting to similar claims being filed and with medical expenses totaling more than the $75,000.00 necessary for the purposes of diversity. Based upon my experience in defending these types of cases and their resolutions, this claim will seek damages in excess of the $75,000.00 jurisdictional amount.

2

5.     This opinion is based upon the undersigned's education, training, and experience as a lawyer and litigator.

FURTHER deponent sayeth not.

_Robert C. Ward_
Robert C. Ward, Jr.

SWORN TO and subscribed before me this _9th_ day of _November_, 2006.

_Donna C. Bemier_
Notary Public
My Commission Expires: _11/24/06_

3