IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06-CV-1018 |
| ) | (Removed from Circuit Court of |
| HYUNDAI MOTOR MANUFACTURING ) | Montgomery County, Alabama, |
| LLCL RUST CONTRUCTORS, INC., *et al*, ) | formerly Civ. Action No. 06-2465) |
| ) | |
| Defendants. ) | |

## AMENDED ANSWER

**COMES NOW** the Defendant, Rust Constructors, Inc., ("Rust") and pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, amends its Answer to the Complaint and in response to the Plaintiff's Complaint, states the following:

### FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted to the Plaintiff.

### SECOND DEFENSE

This Defendant denies the material allegations of the Complaint demands strict proof thereof.

### THIRD DEFENSE

This Defendant pleads the general issue.

### FOURTH DEFENSE

This Defendant pleads not guilty.

## FIFTH DEFENSE

This Defendant pleads the statute of limitations and laches as bar to recovery.

## SIXTH DEFENSE

This Defendant pleads contributory negligence.

## SEVENTH DEFENSE

This Defendant pleads assumption of risk and failure to mitigate damages.

## EIGHTH DEFENSE

The Plaintiff's injuries were caused by an open and obvious condition of which Plaintiff was, or should have been, aware.

## NINTH DEFENSE

The Plaintiff's injuries were not caused by any acts of omissions on the part of this Defendant.

## TENTH DEFENSE

The Plaintiff's injuries were caused by an efficient intervening cause.

## ELEVENTH DEFENSE

This Defendant pleads the benefits and protections of Section 6-11-21 of the Code of Alabama (1975, as amended).

## TWELFTH DEFENSE

This Defendant pleads that it is entitled to the benefits of the protection of Section 6-11-20 through 6-11-30 of the Code of Alabama (1975, as amended).

**THIRTEENTH DEFENSE**

This Defendant avers that any award of punitive damages in this case would be a violation of the constitutional safeguards provided under the Constitutions of the United States of America and the State of Alabama.

**FOURTEENTH DEFENSE**

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislatures in Sections 13A-5-11 and 13A-5-12, <u>Code of Alabama</u>, (1975, as amended), jointly and separately.

**FIFTHTEENTH DEFENSE**

1.  Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

2.  Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3.  Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4.  Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5. Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6. Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7. It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

8. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

9. Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4

 c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

 d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

 e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

 f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10. Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

 a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

 b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

 c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

 d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

 e) The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

5

  f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

  11. Plaintiffs' attempt to impose punitive or extracontractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

  12. The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

  13. The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

  14. The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u> §§ 6-11-20 to 6-11-30 (1975) and is barred.

## **<u>SIXTEENTH DEFENSE</u>**

  This defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

## **<u>SEVENTEENTH DEFENSE</u>**

  The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## **<u>EIGHTTEENTH DEFENSE</u>**

  Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through

judicial decision. See: *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331, 129 L.Ed. 2d 336 (1996).

**NINETEENTH DEFENSE**

With respect to the Plaintiffs' demands herein for punitive damages, the defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards as articulated in *BMW of North America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**TWENTIETH DEFENSE**

Plaintiffs' claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala. Code, 1975. This defense is intended to challenge the ruling stated in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1983).

**TWENTY-FIRST DEFENSE**

Defendant avers the Plaintiffs' claim for punitive damages is unconstitutional in that it violates the due process clause of the Fourteenth Amendment to the United States Constitution in that it allows for arbitrary changes in permitted punishment for prescribed acts as condemned by the *ex post facto* clause of Article 1, Section 10(1) of the United States Constitution.

**TWENTY-SECOND DEFENSE**

The Defendant avers that the existing law of Alabama with respect to punitive damages is unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is given a jury for determining the amount to be awarded.

**TWENTY-THIRD DEFENSE**

The Defendant avers the Plaintiffs' claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the imposition of

excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

### TWENTY-FOURTH DEFENSE

The Defendant avers that the Plaintiffs' under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment due process clause of the United States Constitution as it involves state action in arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liability interests.

### TWENTY-FIFTH DEFENSE

To the extent jury awards future damages, the award must conform to Ala. Code § 6-11-3. In *Vaughn v. Oliver*, 2001 WL 1143713 (Ala.), the Alabama Supreme Court recently instructed a trial court to amend a judgment to conform with Ala. Code § 6-5-543 (b), which is substantially similar to § 6-11-3. Because, the Alabama Supreme Court had enforced § 6-5-543 (b), this Court should overrule *Clark v. Container Corp. Of America, Inc.*, 589 So.2d 184 (Ala. 1991) and apply § 6-11-3.

### TWENTY-SIXTH DEFENSE

On May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), holding that the amount of punitive damages "is not really a fact tried by the jury," and the right to jury trial is therefore not implicated. The Court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The Court cited the Eighth Amendment in explaining that constitutional

excessiveness protections apply to both criminal and civil punishments. It says such punishments should be determined by a Court as a matter of law, rather than by juries as a matter of fact. Thus, Plaintiffs in a civil case do not have the right to trial by jury with respect to punitive damages. The case of *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), has been endorsed by the Alabama Supreme Court in *Horton Homes, Inc. v. Brooks*, 2001 WL 792730 (Ala. July 13, 2001).

## TWENTY-SEVENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

**TWENTY-EIGHTH DEFENSE**

The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

**TWENTY-NINTH DEFENSE**

The plaintiffs are barred from offering any evidence of claiming damages for medical bills, expenses, or treatment on the ground that the same has been provided by a third party.

**THIRTIETH DEFENSE**

This defendant pleads that the plaintiffs are barred from offering any evidence of medical expenses or bills and may not claim any damages for the same on the grounds that these expenses have been covered by a third party who has no right of reimbursement in this case.

**THIRTY-FIRST DEFENSE**

The defendant contends that any expenses or benefits paid by the worker's compensation carrier are not recoverable damages in this case on the grounds that the worker's compensation carrier has waived, released, and/or is estopped from seeking reimbursement for the same and, therefore, the plaintiffs are barred from seeking recovery for same.

**COMPLAINT**

1.     This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the plaintiff's complaint.

2. Hyundai is a limited liability company whose single member is Hyundai Motor America, a California corporation with its principal place of business in California.

3. This defendant admits that Rust is a corporation, but denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 4 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

5. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 5 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

6. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 6 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

7. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 7 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

8. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 8 of the plaintiffs complaint applies to any conduct,

behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

9. This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the plaintiff's complaint.

10. This defendant denies the allegations in paragraph l0 of the plaintiff's complaint and demands strict proof thereof.

11. This defendant denies the allegations in paragraph 11 of the plaintiff's complaint as phrased and demands strict proof thereof.

12. Denied.

13. This defendant denies the allegations in paragraph 13 of the plaintiff's complaint as phrased and demands strict proof thereof.

14. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

15. This defendant denies the allegations in paragraph 15 of the plaintiff's complaint as phrased and demands strict proof thereof.

16. This defendant denies the allegations in paragraph 16 of the plaintiff's complaint and demands strict proof thereof.

17. This defendant denies the allegations in paragraph 17 of the plaintiff's complaint and demands strict proof thereof.

18. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

19. This defendant denies the allegations in paragraph 19 of the plaintiff's complaint as phrased and demands strict proof thereof.

20. This defendant denies the allegations in paragraph 20 of the plaintiff's complaint as phrased and demands strict proof thereof.

21. This defendant denies the allegations in paragraph 21 of the plaintiff's complaint and demands strict proof thereof.

22. This defendant denies the allegations in paragraph 22 of the plaintiff's complaint and demands strict proof thereof.

23. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

24. This defendant denies the allegations in paragraph 24 of the plaintiff's complaint as phrased and demands strict proof thereof.

25. This defendant denies the allegations in paragraph 25 of the plaintiff's complaint as phrased and demands strict proof thereof.

26. This defendant denies the allegations in paragraph 26 of the plaintiff's complaint and demands strict proof thereof.

27. This defendant denies the allegations in paragraph 27 of the plaintiff's complaint and demands strict proof thereof.

28. This defendant denies the allegations in paragraph 2 of the plaintiff's complaint and demands strict proof thereof.

29. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

30. This defendant denies the allegations in paragraph 30 of the plaintiff's complaint as phrased and demands strict proof thereof.

31. This defendant denies the allegations in paragraph 31 of the plaintiff's complaint as phrased and demands strict proof thereof.

32. This defendant denies the allegations in paragraph 32 of the plaintiff's complaint and demands strict proof thereof.

33. This defendant denies the allegations in paragraph 33 of the plaintiff's complaint and demands strict proof thereof.

34. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

35. This defendant denies the allegations in paragraph 35 of the plaintiff's complaint as phrased and demands strict proof thereof.

36. This defendant denies the allegations in paragraph 36 of the plaintiff's complaint as phrased and demands strict proof thereof.

37. This defendant denies the allegations in paragraph 37 of the plaintiff's complaint and demands strict proof thereof.

38. This defendant denies the allegations in paragraph 38 of the plaintiff's complaint and demands strict proof thereof.

39. Does not require a response by this Defendant. However, to the extent that the allegations of paragraph 39 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

40. This defendant denies the allegations in paragraph 40 of the plaintiff's complaint and demands strict proof thereof.

41. This defendant avers the affirmative defense of supervening intervening cause.

42. This defendant avers the affirmative defense of contributory negligence which proximately caused the plaintiffs injuries and he is therefore barred from recovery.

43. This defendant avers the affirmative defense of improper venue.

44. This defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

45. This defendant avers the affirmative defense of sudden emergency.

46. This defendant avers the affirmative defense of last clear chance.

47. This defendant avers that any award of punitive damages to Plaintiff III this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

48. This defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

49. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

50. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

51. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same Procedural Safeguards accorded to criminal Defendant.

52. It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to impose against this Defendant punitive damages, which are penal in nature, yet to compel Defendant to disclose potential incriminating documents and evidence.

53. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose documents and evidence.

54. Plaintiffs claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

55. Plaintiffs claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil Defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

56. Plaintiffs attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

57. An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

58. An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

59. The Complaint fails to state a claim for punitive damages under <u>Alabama Code</u>, §§6-11-20 to 6-11-30 (1975) and is barred.

60. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

61. This Defendant pleads the applicability and limitations contained in <u>Alabama Code</u> (1975) § 6-11-21 with respect to the recovery of punitive damages. This cap was reinstated by virtue of the Alabama Supreme Court's decisions in *Ex parte Apicella*, 809 So. 2d 865 (Ala. 2001), and *Ex parte Melouf*, 735 So. 2d 1172 (Ala. 1999).

62. Pursuant to the recent decision by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), the Plaintiff is not entitled to a jury trial on the issue of punitive damages. Accordingly, the Plaintiff's jury demand on the issue of punitive damages is due to be stricken as a matter of law.

63. This Defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

Respectfully submitted this 30th day of November, 2006.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for Rust Constructors, Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

| | |
|---|---|
| Parker C. Johnston, Esq.<br>Attorney at Law, L.L.C.<br>3090 Alabama Hwy. 14<br>P. O. Box 1207<br>Millbrook, AL 36054<br>(Fax: 285-1035) | Robert C. Ward, Jr.<br>Rushton, Stakely, Johnston & Garrett, P.A.<br>184 Commerce Street<br>P. O. Box 270<br>Montgomery, AL 36101-0270<br>(Fax: 262-6277) |

      /s/ C. Winston Sheehan, Jr.
      OF COUNSEL