## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LONNIE GANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:06-CV-1018** |
| | ) | **(Removed from Circuit Court of** |
| **HYUNDAI MOTOR MANUFACTURING** | ) | **Montgomery County, Alabama,** |
| **LLCL RUST CONTRUCTORS, INC.,** *et al*, | ) | **formerly Civ. Action No. 06-2465)** |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF PROCEEDING

**COMES NOW** the Defendant Rust Constructors, Inc., by and through its attorney of record, and hereby gives notice to the Attorney General of the State of Alabama pursuant to Section 6-6-227 of the <u>Code of Alabama</u>, 1975, of its challenge to the constitutionality of the recovery of punitive and discretionary damages in this action.   A copy of the Plaintiff's Complaint filed in the above-styled matter and the Answer thereto filed by this Defendant is attached hereto.

Respectfully submitted this 30th day of November, 2006.

/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for Rust Constructors, Inc.

<u>OF COUNSEL:</u>
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:


Parker C. Johnston, Esq.
Attorney at Law, L.L.C.
3090 Alabama Hwy. 14
P. O. Box 1207
Millbrook, AL  36054

Robert Ward, Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
P. O. Box 270
Montgomery , AL 36101-0270


/s/ C. Winston Sheehan, Jr.
OF COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| LONNIE GANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CASE NO.: CV-2006-_2465_ |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC; RUST CONSTRUCTORS, | ) |
| INC.; and, fictitious defendant "A," being the | ) |
| person, firm, corporation, or entity who was | ) |
| responsible for providing the plaintiff with a | ) |
| reasonably safe workplace at the time of the | ) |
| accident which is the subject of this action; | ) |
| fictitious defendant "B,"being the person, firm, | ) |
| corporation, or entity who owned, operated, | ) |
| and/or controlled the premises where the | ) |
| accident occurred; fictitious defendant "C," | ) |
| being the person, firm, corporation, or | ) |
| entity who owned, operated, designed, | ) |
| manufactured, placed in the stream of | ) |
| commerce, installed, controlled, inspected, | ) |
| maintained, and/or repaired the man lift which | ) |
| collapsed and fell on top of the plaintiff; | ) |
| fictitious defendant "D," being the person, firm, | ) |
| corporation, or entity who was responsible | ) |
| for establishing and/or enforcing reasonable | ) |
| and adequate safety practices and procedures | ) |
| on the premises where the accident occurred; | ) |
| fictitions defendants "E" through"Z," being the | ) |
| persons, firms, corporations or entities whose | ) |
| negligence, wantonness, or other wrongful | ) |
| conduct otherwise caused or contributed to the | ) |
| plaintiff's injuries and damages, whose true and | ) |
| correct names are unknown to the plaintiff at | ) |
| this time, but will be substituted by amendment | ) |
| when ascertained, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

FILED
IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 SEP 19 PM 12: 31

Blumberg No. 5118

EXHIBIT

A.

COMES NOW the plaintiff, Lonnie Gant (hereinafter, "Lonnie Gant"), and submits unto the Court his complaint in the above-styled matter against defendants Hyundai Motor Manufacturing, LLC, Rust Constructors, Inc., and the fictitious defendants listed above.

## I. BACKGROUND OF THE PARTIES

1.      The plaintiff, Lonnie Gant, is over nineteen years of age and is a resident of the State of Kentucky.

2.      The defendant, Hyundai Motor Manufacturing, LLC (hereinafter, "Hyundai") is, to the plaintiff's knowledge and belief, a limited liability company with its principal place of business located in Montgomery County, Alabama.

3.      The defendant, Rust Constructors, Inc. (hereinafter, "Rust") is, to the plaintiff's knowledge and belief, a corporation which was doing business in Montgomery County, Alabama at the time of the accident which is the subject of this action.

4.      Fictitious defendant "A" is the person, firm, corporation, or entity who was responsible for providing the plaintiff with a reasonably safe workplace at the time of the said accident.

5.      Fictitious defendant "B" is the person, firm, corporation, or entity who owned, operated, and/or controlled the premises where the said accident occurred.

6.      Fictitious defendant "C" is the person, firm, corporation, or entity who owned, operated, designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift which collapsed and fell on top of the plaintiff.

7.      Fictitious defendant "D" is the person, firm, corporation, or entity who was responsible for establishing and/or enforcing reasonable and adequate safety practices and

- 2 -

procedures on the premises where the said accident occurred.

8.    Fictitious defendants "E" through "Z" are the persons, firms, corporations, or entities whose negligence, wantonness, or other wrongful conduct otherwise caused or contributed to the said accident and/or to the plaintiff's injuries and damages therefrom.

## II.  <u>BACKGROUND OF THE FACTS</u>

9.    On September 24, 2004, Lonnie Gant was employed by American Industrial, Inc. to perform work at the construction site of the Hyundai automotive manufacturing plant located in Montgomery County, Alabama.

10.    On said date, Lonnie Gant was working underneath a "man lift" at the Hyundai site, when said lift collapsed suddenly and fell on top of him.  The accident caused significant and permanent injuries to Lonnie Gant, specifically including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with no less than three fractured ribs, and pneumonia secondary thereto; pulmonary contusions; left tibula/fibula fracture (which resulted in the insertion of permanent rods in his left leg); spinal burst fractures (which resulted in a four-level fusion); and, numerous bruises, contusions, and lacerations.

Lonnie Gant has suffered, and will continue in the future to suffer, physical pain, and mental anguish due to the accident.  He has received significant medical treatment, including two major surgeries, several days of intensive care hospitalization, and physical rehabilitation.

Lonnie Gant has also lost income due to his injuries and has lost future income due to his diminished capacity to work in the field of construction.  He has also suffered a diminished quality of life both now and in the future.

Lonnie Gant has incurred medical expenses and will likely incur future medical expenses due

to the accident.

11.   On the date of Lonnie Gant's accident, Hyundai was the owner and/or general contractor of the construction project and premises where said accident occurred.

12.   On the date of Lonnie Gant's accident, Rust was the owner and/or general contractor of the construction project and premises where said accident occurred.

13.   Hyundai and Rust (along with the above referenced fictitious defendants) were responsible for safety on the job site at the time of the accident, specifically including, but not limited to, the condition of the man lift which collapsed and fell on top of Lonnie Gant.

## COUNT ONE
### (Negligent/Wanton Failure To Maintain Safe Workplace)

14.   Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

15.   On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

16.   The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to maintain the workplace premises in a reasonably safe condition; by their negligent and wanton failure to use methods and processes reasonably adequate to render the workplace premises reasonably safe; and, by their failure to take actions reasonably necessary to protect the life, health and safety of persons working on said premises.

- 4 -

17.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT TWO
### (Negligent/Wanton Inspection of Workplace Premises)

18.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

19.    On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

20.    Defendants Hyundai and Rust (and/or the fictitious defendants) undertook and assumed the duty and responsibility for the safety of the construction project and the  workplace premises where Lonnie Gant was injured.

21.    The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to properly inspect the workplace premises for safety purposes; to ensure that said premises were

- 5 -

operated and maintained in a reasonably safe manner and condition; and, to implement and enforce reasonable policies and procedures related to safety.

22.     Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

### COUNT THREE
**(Negligent/Wanton Failure to Warn)**

23.     Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

24.     On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

25.     Defendants Hyundai and Rust (and/or the fictitious defendants) knew or, in the exercise of reasonable care, should have known of any defective condition or danger which caused said man lift to collapse and fall on Lonnie Gant.

26.    Such defective condition or danger was hidden and was not otherwise known to Lonnie Gant at the time of the accident, and the defendants did not warn him of such defect or danger.

27.    The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to warn him of the defective condition or danger which caused the man lift to collapse and fall on top of him.

28.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FOUR
### (Negligent/Wanton Failure To Maintain Man Lift In Reasonably Safe Condition)

29.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

30.    On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by the above

- 7 -

referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

31.    The man lift which collapsed and fell on top of Lonnie Gant was owned, installed, operated, and/or otherwise maintained and/or controlled by defendants Hyundai and Rust (and/or by the fictitious defendants).

32.    The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai and Rust (and/or of the fictitious defendants) to maintain the said man lift in a reasonably safe condition.

33.    Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FIVE
### (Negligent/Wanton Design and Manufacture of Man Lift )

34.    Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

35.    On or about September 24, 2004, Lonnie Gant was injured while working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai and Rust (and/or by

- 8 -

the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him.

36.     The man lift which collapsed and fell on top of Lonnie Gant was designed, manufactured, installed, controlled, inspected, maintained, and/or repaired by defendants Hyundai and Rust (and/or by the fictitious defendants).

37.     The defendants placed the man lift into the stream of commerce in a defective and unreasonably dangerous condition, and it was eventually installed and used on the workplace premises where Lonnie Gant was injured.

38.     The man lift remained in a defective and/or unreasonably dangerous condition when it collapsed and fell on top of Lonnie Gant.

39.     The identities of the parties (other than Hyundai and Rust) who designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift are unknown at this time, but will be substituted by amendment when ascertained.

40.     Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render

- 9 -

in this matter, including interest and costs.

PARKER C. JOHNSTON (JOH097)
Attorney for Plaintiff

Parker C. Johnston
Attorney at Law, LLC
3090 Alabama Highway 14
P. O. Box 1207
Millbrook, Alabama 36054
334-285-1033
FAX: 334-285-1035

PLAINTIFF DEMANDS A TRIAL BY JURY.

- 10 -

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LONNIE GANT,                                    )
                                                )
        Plaintiff,                      )
                                                )
v.                                              )    CASE NO.: CV-2006-_2465_
                                                )
HYUNDAI MOTOR MANUFACTURING                     )
ALABAMA, LLC; RUST CONSTRUCTORS,                )
INC.; and, fictitious defendant "A," being the  )
person, firm, corporation, or entity who was    )
responsible for providing the plaintiff with a  )
reasonably safe workplace at the time of the    )
accident which is the subject of this action;   )
fictitious defendant "B,"being the person, firm,)
corporation, or entity who owned, operated,     )
and/or controlled the premises where the        )
accident occurred; fictitious defendant "C,"    )
being the person, firm, corporation, or         )
entity who owned, operated, designed,           )
manufactured, placed in the stream of           )
commerce, installed, controlled, inspected,     )
maintained, and/or repaired the man lift which  )
collapsed and fell on top of the plaintiff;     )
fictitious defendant "D," being the person, firm,)
corporation, or entity who was responsible      )
for establishing and/or enforcing reasonable    )
and adequate safety practices and procedures    )
on the premises where the accident occurred;    )
fictitious defendants "E" through"Z," being the )
persons, firms, corporations or entities whose  )
negligence, wantonness, or other wrongful       )
conduct otherwise caused or contributed to the  )
plaintiff's injuries and damages, whose true and)
correct names are unknown to the plaintiff at   )
this time, but will be substituted by amendment )
when ascertained,                               )
                                                )
        Defendants.                     )

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2006 SEP 19 PM 12:30

## SUMMONS - CIVIL

NOTICE TO:  Hyundai Motor Manufacturing Alabama, Inc.
AGENT: THE CORPORATION COMPANY
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR
HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION
IN THE COMPLAINT TO THE PLAINTIFFS' ATTORNEY, **Parker C. Johnston**, WHOSE ADDRESS IS **3090 Alabama
Hwy. 14, P. O. Box 1207, Millbrook, AL 36054**. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30**
DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
---------------------------------------------------------------------------------------------------

___✓___  TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the
Alabama Rule of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this
action upon defendant.

_____  This service is by U. S. mail of this summons is initiated upon the written request of **PLAINTIFFS** pursuant to Rule
4.1(c) of the Alabama Rules of Civil Procedure.
**10/05/06**   By:_____
Date                    Clerk/Register
---------------------------------------------------------------------------------------------------
Return on Service:
_____  Certified Mail return receipt received in this Office on (Date)_____
(Return receipt        hereto attached.)

_____  I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on (Date) _____.


_____          _____
Date                                      Server Signature

Address of Server:_____

Type of Process Server  _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LONNIE GANT,                                )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )    CASE NO.: CV-2006-2465
                                            )
HYUNDAI MOTOR MANUFACTURING                 )
ALABAMA, LLC; RUST CONSTRUCTORS,            )
INC.; and, fictitious defendant "A," being the )
person, firm, corporation, or entity who was )
responsible for providing the plaintiff with a )
reasonably safe workplace at the time of the )
accident which is the subject of this action; )
fictitious defendant "B,"being the person, firm, )
corporation, or entity who owned, operated, )
and/or controlled the premises where the    )
accident occurred; fictitious defendant "C," )
being the person, firm, corporation, or     )
entity who owned, operated, designed,       )
manufactured, placed in the stream of       )
commerce, installed, controlled, inspected, )
maintained, and/or repaired the man lift which )
collapsed and fell on top of the plaintiff; )
fictitious defendant "D," being the person, firm, )
corporation, or entity who was responsible  )
for establishing and/or enforcing reasonable )
and adequate safety practices and procedures )
on the premises where the accident occurred; )
fictitious defendants "E" through"Z," being the )
persons, firms, corporations or entities whose )
negligence, wantonness, or other wrongful   )
conduct otherwise caused or contributed to the )
plaintiff's injuries and damages, whose true and )
correct names are unknown to the plaintiff at )
this time, but will be substituted by amendment )
when ascertained,                           )
                                            )
                Defendants.                 )

## SUMMONS - CIVIL

NOTICE TO:  Rust Constructors, Inc.
AGENT: CSC Lawyers Incorporating
150 South Perry Street
Montgomery, Alabama 36104



THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS' ATTORNEY, **Parker C. Johnston**, WHOSE ADDRESS IS **3090 Alabama Hwy. 14, P. O. Box 1207, Millbrook, AL 36054.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

-------------------------------------------------------------------------------------------------------

___✓___ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rule of Civil Procedure:  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

_____ This service is by U. S. mail of this summons is initiated upon the written request of **PLAINTIFFS** pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

___10/05/06___ By:_____
    Date                        Clerk/Register

-------------------------------------------------------------------------------------------------------

Return on Service:
_____ Certified Mail return receipt received in this Office on (Date)_____
        (Return receipt        hereto attached.)

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on (Date) _____.

_____        _____
Date                                    Server Signature

Address of Server:_____

Type of Process Server _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LONNIE GANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06-CV-1018 |
| | ) | (Removed from Circuit Court of |
| HYUNDAI MOTOR MANUFACTURING | ) | Montgomery County, Alabama, |
| LLCL RUST CONTRUCTORS, INC., *et al*, | ) | formerly Civ. Action No. 06-2465) |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER

**COMES NOW** the Defendant, Rust Constructors, Inc., ("Rust") and pursuant to Rule 15(a) of the *Federal Rules of Civil Procedure*, amends its Answer to the Complaint and in response to the Plaintiff's Complaint, states the following:

## FIRST DEFENSE

The Complaint fails to state a cause of action against this Defendant upon which relief may be granted to the Plaintiff.

## SECOND DEFENSE

This Defendant denies the material allegations of the Complaint demands strict proof thereof.

## THIRD DEFENSE

This Defendant pleads the general issue.

## FOURTH DEFENSE

This Defendant pleads not guilty.

### FIFTH DEFENSE

This Defendant pleads the statute of limitations and laches as bar to recovery.

### SIXTH DEFENSE

This Defendant pleads contributory negligence.

### SEVENTH DEFENSE

This Defendant pleads assumption of risk and failure to mitigate damages.

### EIGHTH DEFENSE

The Plaintiff's injuries were caused by an open and obvious condition of which Plaintiff was, or should have been, aware.

### NINTH DEFENSE

The Plaintiff's injuries were not caused by any acts of omissions on the part of this Defendant.

### TENTH DEFENSE

The Plaintiff's injuries were caused by an efficient intervening cause.

### ELEVENTH DEFENSE

This Defendant pleads the benefits and protections of Section 6-11-21 of the Code of Alabama (1975, as amended).

### TWELFTH DEFENSE

This Defendant pleads that it is entitled to the benefits of the protection of Section 6-11-20 through 6-11-30 of the Code of Alabama (1975, as amended).

## THIRTEENTH DEFENSE

This Defendant avers that any award of punitive damages in this case would be a violation of the constitutional safeguards provided under the Constitutions of the United States of America and the State of Alabama.

## FOURTEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislatures in Sections 13A-5-11 and 13A-5-12, Code of Alabama, (1975, as amended), jointly and separately.

## FIFTHTEENTH DEFENSE

1.    Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

2.    Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

3.    Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

4.    Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5.     Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.     Defendants aver that any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

7.     It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

8.     It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against these defendants punitive damages, which are penal in nature, yet compel defendants to disclose documents and evidence.

9.     Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which hereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

10.     Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)      The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)      The procedures pursuant to which punitive damages are awarded fail
to provide a limit on the amount of the award against this defendant.

11.     Plaintiffs' attempt to impose punitive or extracontractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

12.     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13.     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14.     The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

## SIXTEENTH DEFENSE

This defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at ALA.CODE §6-11-21 (Repl. Vol. 1993).

## SEVENTEENTH DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## EIGHTTEENTH DEFENSE

Under the constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through

judicial decision.  See:  *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331, 129 L.Ed. 2d 336

(1996).

## NINETEENTH DEFENSE

With respect to the Plaintiffs' demands herein for punitive damages, the defendants

specifically incorporate by reference any and all standards or limitations regarding the

determination and/or enforceability of punitive damages awards as articulated in *BMW of North*

*America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

## TWENTIETH DEFENSE

Plaintiffs' claim for punitive damages is limited to the amount recoverable as set forth in

§6-11-21, Ala. Code, 1975.  This defense is intended to challenge the ruling stated in *Henderson v.*

*Alabama Power Co.*, 627 So.2d 878 (Ala. 1983).

## TWENTY-FIRST DEFENSE

Defendant avers the Plaintiffs' claim for punitive damages is unconstitutional in that it

violates the due process clause of the Fourteenth Amendment to the United States Constitution in

that it allows for arbitrary changes in permitted punishment for prescribed acts as condemned by

the *ex post facto* clause of Article 1, Section 10(1) of the United States Constitution.

## TWENTY-SECOND DEFENSE

The Defendant avers that the existing law of Alabama with respect to punitive damages is

unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is

given a jury for determining the amount to be awarded.

## TWENTY-THIRD DEFENSE

The Defendant avers the Plaintiffs' claim under Alabama law for punitive damages is

unconstitutional in that it violates the Federal Constitution prohibition against the imposition of

excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I, Section 15 of the Constitution of Alabama.

## TWENTY-FOURTH DEFENSE

The Defendant avers that the Plaintiffs' under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment due process clause of the United States Constitution as it involves state action in arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liability interests.

## TWENTY-FIFTH DEFENSE

To the extent jury awards future damages, the award must conform to Ala. Code § 6-11-3. In *Vaughn v. Oliver*, 2001 WL 1143713 (Ala.), the Alabama Supreme Court recently instructed a trial court to amend a judgment to conform with Ala. Code § 6-5-543 (b), which is substantially similar to § 6-11-3. Because, the Alabama Supreme Court had enforced § 6-5-543 (b), this Court should overrule *Clark v. Container Corp. Of America, Inc.*, 589 So.2d 184 (Ala. 1991) and apply § 6-11-3.

## TWENTY-SIXTH DEFENSE

On May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), holding that the amount of punitive damages "is not really a fact tried by the jury," and the right to jury trial is therefore not implicated. The Court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The Court cited the Eighth Amendment in explaining that constitutional

excessiveness protections apply to both criminal and civil punishments. It says such punishments should be determined by a Court as a matter of law, rather than by juries as a matter of fact. Thus, Plaintiffs in a civil case do not have the right to trial by jury with respect to punitive damages. The case of *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), has been endorsed by the Alabama Supreme Court in *Horton Homes, Inc. v. Brooks*, 2001 WL 792730 (Ala. July 13, 2001).

## TWENTY-SEVENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiffs violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

## TWENTY-NINTH DEFENSE

The plaintiffs are barred from offering any evidence of claiming damages for medical bills, expenses, or treatment on the ground that the same has been provided by a third party.

## THIRTIETH DEFENSE

This defendant pleads that the plaintiffs are barred from offering any evidence of medical expenses or bills and may not claim any damages for the same on the grounds that these expenses have been covered by a third party who has no right of reimbursement in this case.

## THIRTY-FIRST DEFENSE

The defendant contends that any expenses or benefits paid by the worker's compensation carrier are not recoverable damages in this case on the grounds that the worker's compensation carrier has waived, released, and/or is estopped from seeking reimbursement for the same and, therefore, the plaintiffs are barred from seeking recovery for same.

## COMPLAINT

1.    This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the plaintiff's complaint.

2.     Hyundai is a limited liability company whose single member is Hyundai Motor America, a California corporation with its principal place of business in California.

3.     This defendant admits that Rust is a corporation, but denies the remaining allegations of Paragraph 3 of the Complaint.

4.     Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 4 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

5.     Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 5 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

6.     Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 6 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

7.     Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 7 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

8.     Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 8 of the plaintiffs complaint applies to any conduct,

behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

9.    This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 of the plaintiff's complaint.

10. This defendant denies the allegations in paragraph l0 of the plaintiff's complaint and demands strict proof thereof.

11. This defendant denies the allegations in paragraph 11 of the plaintiff's complaint as phrased and demands strict proof thereof.

12.  Denied.

13. This defendant denies the allegations in paragraph 13 of the plaintiff's complaint as phrased and demands strict proof thereof.

14. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

15. This defendant denies the allegations in paragraph 15 of the plaintiff's complaint as phrased and demands strict proof thereof.

16. This defendant denies the allegations in paragraph 16 of the plaintiff's complaint and demands strict proof thereof.

17. This defendant denies the allegations in paragraph 17 of the plaintiff's complaint and demands strict proof thereof.

18. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

19. This defendant denies the allegations in paragraph 19 of the plaintiff's complaint as phrased and demands strict proof thereof.

20. This defendant denies the allegations in paragraph 20 of the plaintiff's complaint as phrased and demands strict proof thereof.

21. This defendant denies the allegations in paragraph 21 of the plaintiff's complaint and demands strict proof thereof.

22. This defendant denies the allegations in paragraph 22 of the plaintiff's complaint and demands strict proof thereof.

23. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

24. This defendant denies the allegations in paragraph 24 of the plaintiff's complaint as phrased and demands strict proof thereof.

25. This defendant denies the allegations in paragraph 25 of the plaintiff's complaint as phrased and demands strict proof thereof.

26. This defendant denies the allegations in paragraph 26 of the plaintiff's complaint and demands strict proof thereof.

27. This defendant denies the allegations in paragraph 27 of the plaintiff's complaint and demands strict proof thereof.

28. This defendant denies the allegations in paragraph 2 of the plaintiff's complaint and demands strict proof thereof.

29. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

30. This defendant denies the allegations in paragraph 30 of the plaintiff's complaint as phrased and demands strict proof thereof.

31. This defendant denies the allegations in paragraph 31 of the plaintiff's complaint as phrased and demands strict proof thereof.

32. This defendant denies the allegations in paragraph 32 of the plaintiff's complaint and demands strict proof thereof.

33. This defendant denies the allegations in paragraph 33 of the plaintiff's complaint and demands strict proof thereof.

34. This Defendant hereby adopts by reference and realleges the prior paragraph of this response as if fully set forth herein.

35. This defendant denies the allegations in paragraph 35 of the plaintiff's complaint as phrased and demands strict proof thereof.

36. This defendant denies the allegations in paragraph 36 of the plaintiff's complaint as phrased and demands strict proof thereof.

37. This defendant denies the allegations in paragraph 37 of the plaintiff's complaint and demands strict proof thereof.

38. This defendant denies the allegations in paragraph 38 of the plaintiff's complaint and demands strict proof thereof.

39. Does not require a response by this Defendant. However, to the extent that the allegations of paragraph 39 of the plaintiff's complaint applies to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

40. This defendant denies the allegations in paragraph 40 of the plaintiff's complaint and demands strict proof thereof.

41. This defendant avers the affirmative defense of supervening intervening cause.

42. This defendant avers the affirmative defense of contributory negligence which proximately caused the plaintiffs injuries and he is therefore barred from recovery.

43. This defendant avers the affirmative defense of improper venue.

44. This defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

45. This defendant avers the affirmative defense of sudden emergency.

46. This defendant avers the affirmative defense of last clear chance.

47. This defendant avers that any award of punitive damages to Plaintiff **III** this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

48. This defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

49. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

50. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

51. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same Procedural Safeguards accorded to criminal Defendant.

52. It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to impose against this Defendant punitive damages, which are penal in nature, yet to compel Defendant to disclose potential incriminating documents and evidence.

53. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose documents and evidence.

54. Plaintiffs claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

> (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

> (c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

55. Plaintiffs claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a) It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil Defendant upon the plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e) The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

56. Plaintiffs attempt to impose punitive or extra contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

57. An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

58. An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

59. The Complaint fails to state a claim for punitive damages under Alabama Code, §§6-11-20 to 6-11-30 (1975) and is barred.

60. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

61. This Defendant pleads the applicability and limitations contained in Alabama Code (1975) § 6-11-21 with respect to the recovery of punitive damages. This cap was reinstated by virtue of the Alabama Supreme Court's decisions in *Ex parte Apicella*, 809 So. 2d 865 (Ala. 2001), and *Ex parte Melouf*, 735 So. 2d 1172 (Ala. 1999).

62. Pursuant to the recent decision by the United States Supreme Court in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), the Plaintiff is not entitled to a jury trial on the issue of punitive damages. Accordingly, the Plaintiff's jury demand on the issue of punitive damages is due to be stricken as a matter of law.

63. This Defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

Respectfully submitted this 30th day of November, 2006.


/s/ C. Winston Sheehan, Jr.
C. WINSTON SHEEHAN, JR.
Attorney for Rust Constructors, Inc.

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered persons and that those persons not registered with the CM/ECF system were served by U.S. mail:

| | |
|---|---|
| Parker C. Johnston, Esq.<br>Attorney at Law, L.L.C.<br>3090 Alabama Hwy. 14<br>P. O. Box 1207<br>Millbrook, AL  36054<br>(Fax: 285-1035) | Robert C. Ward, Jr.<br>Rushton, Stakely , Johnston & Garrett, P.A.<br>184 Commerce Street<br>P. O. Box 270<br>Montgomery, AL 36101-0270<br>(Fax: 262-6277) |

/s/ C. Winston Sheehan, Jr.
OF COUNSEL