IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT,      ) | |
| ) | |
|   Plaintiff,      ) | |
| ) | |
| vs.      ) | Case No. 2:06-cv-1018-MEF |
| ) | |
| HYUNDAI MOTOR MANUFACTURING,      ) | |
| LLC, *et al*.,      ) | |
| ) | |
|   Defendants.      ) | |

**PROTECTIVE ORDER**

Upon consideration of the parties' stipulation and protective order filed December 8, 2006 (Doc. # 11), which the court construes as a motion for protective order, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

1.   For purposes of this Stipulation and Protective Order, any and all files produced by the Defendants containing personnel, trade secret, copyright, commercial, or other legally protected information are deemed to be confidential documents and shall be used by the Plaintiff only for this action and for no other purpose.

2.   Effective with the execution of this Stipulation, the contents of the documents identified in paragraph 1 shall not be communicated in any way to anyone other than this Court and counsel for the parties in this action, except as provided in this Stipulation. Each party to this action and its counsel shall be advised of and be bound by the terms of this Stipulation.

3.   The documents identified in paragraph 1 above shall not be attached to any pleadings, deposition transcripts or other documents filed with or tendered to the Court, or separately filed with or tendered to the Court, for any purpose, except under seal. The documents shall only be unsealed by

the Court for purposes of addressing matters pertinent to this action, following which they shall again be placed under seal and shall not be subject to examination by or disclosure to any other persons or entities, except upon Order of the Court after notice to the Defendants and a hearing on any objections to such disclosure or examination raised by the Defendants.

    4.    Information contained within shall not be summarized or transcribed, in whole or in part, except by counsel for the parties for purposes directly associated with the above-styled action. No such summaries or transcriptions shall be retained by counsel for the Plaintiff, the Plaintiff, or by other persons subject to this Stipulation and Protective Order, to whom documents and/or summaries or transcriptions thereof have been presented by the Plaintiff and/or counsel for the Plaintiff.

Use by the Plaintiff of these documents, subject to this Stipulation and Protective Order, shall be restricted to the following persons:

    A.    The Plaintiff;

    B.    Counsel for the Plaintiff;

    C.    Expert witnesses retained by the Plaintiff and identified to the Defendants for purposes related to this action;

    D.    Employees of counsel for the Plaintiff necessarily involved in this action.

    5.    No persons to whom documents and/or summaries or transcriptions thereof have been disclosed shall make any notes, summaries, or transcriptions thereof except to the extent necessary for purposes directly related to this action. At the conclusion of this action all such notes, summaries, and/or transcriptions, and all copies thereof, shall be tendered to counsel for the Defendants and all persons having possession thereof shall certify in writing that they have returned all such documents to the Defendants and have retained no copies, or portions of copies.

6. Attendance at depositions taken in this action at which the documents or any information contained therein is identified, discussed, or disclosed shall be limited to the deposition notary, the witness, counsel for the witness, counsel for the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this Stipulation. If any such documents are to be used during the deposition in this action of any person who is not an officer of the Defendants, the deponent shall be required to acknowledge on the record that that person is aware of and agrees to be bound by the terms of this Stipulation. That portion of the deposition transcript concerning any such document subject to this paragraph shall not be disclosed to any person except as provided in this Stipulation.

7. Communication of the contents of documents to persons who are assisting counsel in preparation and trial of this action, and to persons who may be called upon by counsel to testify in this action with respect to such documents or information contained therein shall be permitted, provided that, before obtaining access to such documents or information, each such person shall be shown a copy of this Stipulation and agree in writing to be bound by the terms thereof.

8. Any party to this suit may request, and the Defendants may agree, that the provisions of this Stipulation be waived as to one or more of the documents. Any such waiver shall be in writing and shall be limited to the particular document(s) specifically identified in such written waiver.

9. This Stipulation and Order, insofar as it restricts the communication and use of documents, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. At the conclusion of this action, including all appeals, all documents, and all copies thereof, shall be promptly returned to the Defendants' attorneys. To the extent such documents then contain the work product of attorneys for the Plaintiff, such Limited Use documents shall be returned to the Defendants' attorneys, but any such attorney-work product may be redacted therefrom. No copies, extracts, or excerpts of any documents shall be retained by the Plaintiff, Plaintiff's attorneys, employees

of attorneys for the Plaintiff, or persons assisting the Plaintiff or counsel for the Plaintiff, or by employees of such persons.

10. Nothing in this Stipulation and Protective Order shall be construed to preclude the Defendants from seeking additional protection of confidential materials, or from otherwise seeking a modification of this Stipulation and Protective Order.

11. In the event any party to this action receives a request, subpoena, or other formal or informal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise, for the production or disclosure of any documents then in such party's possession or control, such party shall provide counsel of the Defendants written notice of such request, subpoena, or demand at least 14 days prior to such party's required response to such request, subpoena, or demand, and such party shall not interfere with any action the Defendants may elect to take to protect the confidentiality of the documents. Should any such request, demand, or subpoena require a response time of less than 14 days, the receiving party shall provide immediate notice to counsel for the Defendants of such, by telephone and telefax, to include sufficiently specific information as to permit the Defendants to state and pursue objection thereto prior to any scheduled or stated time for response.

12. This Stipulation and Protective Order shall become effective upon its execution by all parties (by their undersigned counsel) notwithstanding the date the Court herein enters the Stipulation and Protective Order.

DONE, this 12th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE