IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-1018-MEF |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC; RUST CONSTRUCTORS, | ) |
| INC.; EISENMANN CORPORATION; and, | ) |
| SUNBELT RENTALS; *et.al.* | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW the plaintiff, Lonnie Gant (hereinafter, "Lonnie Gant"), and submits unto the Court his Amended Complaint in the above-styled matter against defendant Eisenmann Corporation and defendant Sunbelt Rentals, as follows.

## I. BACKGROUND OF THE PARTIES

1. The plaintiff, Lonnie Gant, is over nineteen years of age and is a resident of the State of Kentucky.

2. The defendant, Hyundai Motor Manufacturing, LLC (hereinafter, "Hyundai") is, to the plaintiff's knowledge and belief, a limited liability company with its principal place of business located in Montgomery County, Alabama.

3. The defendant, Rust Constructors, Inc. (hereinafter, "Rust") is, to the plaintiff's knowledge and belief, a corporation which was doing business in Montgomery County, Alabama at the time of the accident which is the subject of this action.

4. The defendant, Eisenmann Corporation (hereinafter, "Eisenmann") is, to the plaintiff's knowledge and belief, a corporation which was doing business in Montgomery County, Alabama at the time of the accident which is the subject of this action.

5. The defendant, Sunbelt Rentals (hereinafter, "Sunbelt") (*f/k/a* Nations Rent) is, to the plaintiff's knowledge and belief, a corporation which was doing business in Montgomery County, Alabama at the time of the accident which is the subject of this action.

6. Fictitious defendant "A" is the person, firm, corporation, or entity who was responsible for providing the plaintiff with a reasonably safe workplace at the time of the said accident.

7. Fictitious defendant "B" is the person, firm, corporation, or entity who owned, operated, and/or controlled the premises where the said accident occurred.

8. Fictitious defendant "C" is the person, firm, corporation, or entity who owned, operated, designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift which collapsed and fell on top of the plaintiff.

9. Fictitious defendant "D" is the person, firm, corporation, or entity who was responsible for establishing and/or enforcing reasonable and adequate safety practices and procedures on the premises where the said accident occurred.

10. Fictitious defendants "E" through "Z" are the persons, firms, corporations, or entities whose negligence, wantonness, or other wrongful conduct otherwise caused or contributed to the said accident and/or to the plaintiff's injuries and damages therefrom.

## II. **BACKGROUND OF THE FACTS**

11. On September 24, 2004, Lonnie Gant was employed by American Industrial, Inc. to perform work at the construction site of the Hyundai automotive manufacturing plant located in Montgomery County, Alabama.

12. On said date, Lonnie Gant was working at or around a certain assembly line and conveyor system at the Hyundai site, and was standing underneath a "man lift," when said lift collapsed suddenly and fell on top of him. The accident caused significant and permanent injuries to Lonnie Gant, specifically including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with no less than three fractured ribs, and pneumonia secondary thereto; pulmonary contusions; left tibula/fibula fracture (which resulted in the insertion of permanent rods in his left leg); spinal burst fractures (which resulted in a four-level fusion); and, numerous bruises, contusions, and lacerations.

Lonnie Gant has suffered, and will continue in the future to suffer, physical pain, and mental anguish due to the accident. He has received significant medical treatment, including two major surgeries, several days of intensive care hospitalization, and physical rehabilitation.

Lonnie Gant has also lost income due to his injuries and has lost future income due to his diminished capacity to work in the field of construction. He has also suffered a diminished quality of life both now and in the future.

Lonnie Gant has incurred medical expenses and will likely incur future medical expenses due to the accident.

13. On the date of Lonnie Gant's accident, Hyundai was the owner and/or general contractor of the construction project and premises where said accident occurred.

14. On the date of Lonnie Gant's accident, Rust was the owner and/or general contractor of the construction project and premises where said accident occurred.

15. Eisenmann was the contractor for the installation of the assembly line turn-key project which included the conveyor system involved in Lonnie Gant's accident.

16. Hyundai, Rust, and Eisenmann (along with the above referenced fictitious defendants) were responsible for safety on the job site at the time of the accident, specifically including, but not limited to, the assembly line and conveyor system, and the condition of the man lift which collapsed and fell on top of Lonnie Gant.

17. Sunbelt was the entity which, to Lonnie Gant's knowledge and belief, leased the said man lift to Eisenmann and/or otherwise owned and placed the man lift into the stream of commerce.

## COUNT ONE
### (Negligent/Wanton Failure To Maintain Safe Workplace)

18. Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

19. On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai, Rust, and Eisenmann (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him. The said man lift was leased and/or otherwise placed into the stream of commerce by defendant Sunbelt.

20. The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai, Rust, and Eisenmann (and/or of the fictitious defendants) to maintain the workplace premises in a reasonably safe condition; by their negligent

and wanton failure to use methods and processes reasonably adequate to render the workplace premises reasonably safe; and, by their failure to take actions reasonably necessary to protect the life, health and safety of persons working on said premises.

21. Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT TWO
### (Negligent/Wanton Inspection of Workplace Premises)

22. Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

23. On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai, Rust, and Eisenmann (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him. The said man lift was leased and/or otherwise placed into the stream of commerce by defendant Sunbelt.

24.  Defendants Hyundai, Rust, and Eisenmann (and/or the fictitious defendants) undertook and assumed the duty and responsibility for the safety of the construction project and the workplace premises where Lonnie Gant was injured.

25.  The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai, Rust, and Eisenmann (and/or of the fictitious defendants) to properly inspect the workplace premises for safety purposes; to ensure that said premises were operated and maintained in a reasonably safe manner and condition; and, to implement and enforce reasonable policies and procedures related to safety.

26.  Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT THREE
### (Negligent/Wanton Failure to Warn)

27.  Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

28. On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai, Rust, and Eisenmann (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him. The said man lift was leased and/or otherwise placed into the stream of commerce by defendant Sunbelt.

29. Defendants Hyundai, Rust, Eisenmann, and Sunbelt (and/or the fictitious defendants) knew or, in the exercise of reasonable care, should have known of any defective condition or danger which caused said man lift to collapse and fall on Lonnie Gant.

30. Such defective condition or danger was hidden and was not otherwise known to Lonnie Gant at the time of the accident, and the defendants did not warn him of such defect or danger.

31. The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai, Rust, Eisenmann, and Sunbelt (and/or of the fictitious defendants) to warn him of the defective condition or danger which caused the man lift to collapse and fall on top of him.

32. Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FOUR
### (Negligent/Wanton Failure To Maintain Man Lift In Reasonably Safe Condition)

33. Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

34. On or about September 24, 2004, Lonnie Gant was working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai, Rust, and Eisenmann (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him. The said man lift was leased and/or otherwise placed into the stream of commerce by defendant Sunbelt.

35. The man lift which collapsed and fell on top of Lonnie Gant was owned, installed, operated, and/or otherwise maintained and/or controlled by defendants Hyundai, Rust, Eisenmann, and Sunbelt (and/or by the fictitious defendants).

36. The injuries and damages suffered by Lonnie Gant were proximately caused by the negligent and wanton failure of defendants Hyundai, Rust, Eisenmann, and Sunbelt (and/or of the fictitious defendants) to maintain the said man lift in a reasonably safe condition.

37. Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering;

past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

## COUNT FIVE
### (Negligent/Wanton Design and Manufacture of Man Lift)

38. Plaintiff Lonnie Gant realleges and incorporates each and every prior averment as though fully set forth herein.

39. On or about September 24, 2004, Lonnie Gant was injured while working at premises owned, in the custody of, and/or otherwise controlled by defendants Hyundai, Rust, and Eisenmann (and/or by the above referenced fictitious defendants), when a man lift collapsed suddenly and fell on top of him. The said man lift was leased and/or otherwise placed into the stream of commerce by defendant Sunbelt.

40. The man lift which collapsed and fell on top of Lonnie Gant was designed, manufactured, installed, controlled, inspected, maintained, and/or repaired by defendants Hyundai, Rust, Eisenmann, and Sunbelt (and/or by the fictitious defendants).

41. The defendants placed the man lift into the stream of commerce in a defective and unreasonably dangerous condition, and it was eventually installed and used on the workplace premises where Lonnie Gant was injured.

42. The man lift remained in a defective and/or unreasonably dangerous condition when it collapsed and fell on top of Lonnie Gant.

43. The identities of the parties (other than Hyundai, Rust, Eisenmann, and Sunbelt) who designed, manufactured, placed in the stream of commerce, installed, controlled, inspected, maintained, and/or repaired the man lift are unknown at this time, but will be substituted by amendment when ascertained.

44. Lonnie Gant was seriously and permanently injured due to the defendants' said negligence and wantonness, including but not limited to: closed head injuries; concussion; scalp lacerations; blunt chest injuries, with three fractured ribs; pneumonia; tibula/fibula fractures; spinal burst fractures; numerous bruises, contusions, and lacerations; past and future pain and suffering; past and future mental anguish; past and future lost income, past and future medical expenses; diminished capacity to work; and, diminished quality of life.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, Lonnie Gant, demands judgment against all defendants in this matter for all compensatory and punitive damages as a jury may render in this matter, including interest and costs.

_____
PARKER C. JOHNSTON (JOH097)
Attorney for Plaintiff

Parker C. Johnston
Attorney at Law, LLC
3090 Alabama Highway 14
P. O. Box 1207
Millbrook, Alabama 36054
334-285-1033
FAX: 334-285-1035

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I have served a copy of the foregoing document upon:

Hon. Robert C. Ward, Jr.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270

Hon. C. Winston Sheehan, Jr.
Post Office Box 2148
Montgomery, Alabama 36102-2148

by depositing a copy of the same, postage prepaid, in a receptacle of the United States Postal Service this 2 day of March, 2007.

_____
OF COUNSEL