# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 2:06-cv-1018-MEF |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING ALABAMA,** | ) |
| **LLC; RUST CONSTRUCTORS,** | ) |
| **INC., EISENMANN** | ) |
| **CORPORATION; and SUNBELT** | ) |
| **RENTALS, et al.** | ) |
| | ) |
|     **Defendants.** | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant Hyundai Motor Manufacturing Alabama, LLC, (hereinafter "Hyundai") by and through its attorneys of record, and in response to the Plaintiff's Amended Complaint, states the following:

### I. BACKGROUND OF THE PARTIES

1.    This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the plaintiff's amended complaint.

2.    Hyundai is a limited liability company whose single member is Hyundai Motor America, a California corporation with its principal place of business in California.

3. No response required by this defendant; however, to the extent that the allegations of paragraph 3 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

4. No response required by this defendant; however, to the extent that the allegations of paragraph 4 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

5. No response required by this defendant; however, to the extent that the allegations of paragraph 5 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

6. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 6 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

7. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 7 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

8. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 8 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

9. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 9 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

10. Defendant makes no statement as to the fictitious Defendants; however, to the extent that the allegations of paragraph 10 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

## II. <u>BACKGROUND OF THE FACTS</u>

11. This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 11 of the plaintiff's amended complaint.

12. This defendant denies the allegations in paragraph 12 of the plaintiff's amended complaint and demands strict proof thereof.

13. This defendant denies the allegations in paragraph 13 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

14. No response required by this defendant; however, to the extent that the allegations of paragraph 14 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

15. No response required by this defendant; however, to the extent that the allegations of paragraph 15 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

16. This defendant denies the allegations in paragraph 16 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

17. No response required by this defendant, however, to the extent that the allegations of paragraph 17 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

## COUNT ONE
**(Negligent/Wanton Failure to Maintain Safe Workplace)**

18. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

19. This defendant denies the allegations in paragraph 19 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

20. This defendant denies the allegations in paragraph 20 of the plaintiff's amended complaint and demands strict proof thereof.

21. This defendant denies the allegations in paragraph 21 of the plaintiff's amended complaint and demands strict proof thereof.

## COUNT TWO
### (Negligent/Wanton Inspection of Workplace Premises)

22. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

23. This defendant denies the allegations in paragraph 23 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

24. This defendant denies the allegations in paragraph 24 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

25. This defendant denies the allegations in paragraph 25 of the plaintiff's amended complaint and demands strict proof thereof.

26. This defendant denies the allegations in paragraph 26 of the plaintiff's amended complaint and demands strict proof thereof.

## COUNT THREE
### (Negligent/Wanton Failure to Warn)

27. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

28.  This defendant denies the allegations in paragraph 28 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

29.  This defendant denies the allegations in paragraph 29 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

30.  This defendant denies the allegations in paragraph 30 of the plaintiff's amended complaint and demands strict proof thereof.

31.  This defendant denies the allegations in paragraph 31 of the plaintiff's amended complaint and demands strict proof thereof.

32.  This defendant denies the allegations in paragraph 32 of the plaintiff's amended complaint and demands strict proof thereof.

## COUNT FOUR
### (Negligent/Wanton Failure to Maintain Man Life In Reasonably Safe Condition)

33.  This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

34.  This defendant denies the allegations in paragraph 34 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

35.  This defendant denies the allegations in paragraph 35 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

36.  This defendant denies the allegations in paragraph 36 of the plaintiff's amended complaint and demands strict proof thereof.

37. This defendant denies the allegations in paragraph 37 of the plaintiff's amended complaint and demands strict proof thereof.

## COUNT FIVE
### (Negligent/Wanton Design and Manufacture of Man Lift)

38. This defendant adopts by reference its responses to the above paragraphs as if fully set out herein.

39. This defendant denies the allegations in paragraph 39 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

40. This defendant denies the allegations in paragraph 40 of the plaintiff's amended complaint as phrased and demands strict proof thereof.

41. This defendant denies the allegations in paragraph 41 of the plaintiff's amended complaint and demands strict proof thereof.

42. This defendant denies the allegations in paragraph 42 of the plaintiff's amended complaint and demands strict proof thereof.

43. Does not require a response by this Defendant. However, to the extent that the allegations of paragraph 43 of the plaintiff's amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

44. This defendant denies the allegations in paragraph 44 of the plaintiff's amended complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1. This Defendant avers that the hazard, should a hazard have existed, was open and obvious to the Plaintiff.

2. This defendant avers the affirmative defense of supervening intervening cause.

3. This defendant avers the affirmative defense of contributory negligence which proximately caused the plaintiff's injuries and he is therefore barred from recovery.

4. This defendant avers the affirmative defense of assumption of the risk.

5. This defendant avers the affirmative defense of the statute of limitations has run.

6. This defendant avers the affirmative defense of improper venue.

8. This defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

9. This defendant avers the affirmative defense of sudden emergency.

10. This defendant avers the affirmative defense of last clear chance.

11. This defendant avers that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

12. This defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

13. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

14. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

15. This defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same Procedural Safeguards accorded to criminal Defendant.

16. It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to impose

against this Defendant punitive damages, which are penal in nature, yet to compel Defendant to disclose potential incriminating documents and evidence.

17. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose documents and evidence.

18. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

> (a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
>
> (b) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (c) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
>
> (d) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendant for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

19.    Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a)  It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon civil Defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant.

20. Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

21. An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

22. An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

23. The Complaint fails to state a claim for punitive damages under Alabama Code §§6-11-20 to 6-11-30 (1975) and is barred.

24. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

25. This Defendant pleads the applicability and limitations contained in Ala. Code (1975) § 6-11-21 with respect to the recovery of punitive damages. This cap was reinstated by virtue of the Alabama Supreme Court's decisions in Ex parte Apicella, 809 So. 2d 865 (Ala. 2001), and Ex parte Melouf, 735 So. 2d 1172 (Ala. 1999).

26. Pursuant to the recent decision by the United States Supreme Court in <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), the Plaintiff is not entitled to a jury trial on the issue of punitive damages. Accordingly, the Plaintiff's jury demand on the issue of punitive damages is due to be stricken as a matter of law.

27. This Defendant reserves the right to amend and add other defenses as may later become apparent and applicable.

<i>/s/ Bethany L. Bolger</i>_____<br>
ROBERT C. WARD, JR. (asb-5442-d65r)<br>
BETHANY L. BOLGER (asb-6740-e60b)<br>
Attorneys for Defendant Hyundai Motor<br>
Manufacturing Alabama, LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
 (334) 206-3229 (Ward phone)
(334) 206-3194 (Bolger phone)
(334) 481-0031 (fax)
rcw@rsjg.com (Ward e-mail)
bbolger@rsjg.com (Bolger e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2007, I electronically filed a copy of the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Parker C. Johnston, Esq.
Attorney at Law, LLC
Post Office Box 1207
Millbrook, Alabama 36054

Julia A. Beasley, Esq.
Kendall C. Dunson, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama  36103

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama  36102-2148

/s/ Bethany L. Bolger
OF COUNSEL