## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DISTRICT

LONNIE GANT,             )
                          )
       **Plaintiffs**        )
                          )
**v.**                      )    **Civil Action No. 2:06-cv-1018-MEF**
                          )
**SUNBELT RENTALS,**     )
                          )
      **Defendants**      )

## ANSWER OF DEFENDANT SUNBELT RENTALS, INC.

**COMES NOW** the Defendant, SUNBELT RENTALS, INC. (hereinafter sometimes "Sunbelt Rentals" or "Sunbelt" or "Defendant"), and submits the following Answer along with its presently known affirmative defenses to the Amended Complaint of the Plaintiffs:

1.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph one (1) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

2.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph two (2) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

3.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph three (3) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

4.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph four (4) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

5.     Defendant admits the substance of the allegations contained in paragraph five (5) of the Plaintiff's Complaint although Defendant states that its formal corporate name is "Sunbelt Rentals, Inc."

6.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph six (6) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

7.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph seven (7) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

8.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph eight (8) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

9.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph nine (9) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

10.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph ten (10) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

11.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph eleven (11) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

12.     This Defendant denies the allegations contained in paragraph twelve (12) of the Plaintiff's Complaint and demands strict proof thereof.

13.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirteen (13) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

14.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph fourteen (14) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

15.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph fifteen (15) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

16.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph sixteen (16) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

17.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph seventeen (17) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

18.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph eighteen (18) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

19.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph nineteen (19) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

20.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty (20) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

21.    Defendant denies the allegations contained in paragraph twenty-one (21) of the Plaintiff's Complaint and demands strict proof thereof.

22.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-two (22) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

23.    Defendant denies the allegations contained in paragraph twenty-three (23) of the Plaintiff's Complaint and demands strict proof thereof.

24.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-four (24) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

25.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-five (25) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

26.    Defendant denies the allegations contained in paragraph twenty-six (26) of the Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph twenty-seven (27) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

28.     Defendant denies the allegations contained in paragraph twenty-eight (28) of the Plaintiff's Complaint and demands strict proof thereof.

29.     Defendant denies the allegations contained in paragraph twenty-nine (29) of the Plaintiff's Complaint and demands strict proof thereof.

30.     Defendant denies the allegations contained in paragraph thirty (30) of the Plaintiff's Complaint and demands strict proof thereof.

31.     Defendant denies the allegations contained in paragraph thirty-one (31) of the Plaintiff's Complaint and demands strict proof thereof.

32.     Defendant denies the allegations contained in paragraph thirty-two (32) of the Plaintiff's Complaint and demands strict proof thereof.

33.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-three (33) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

34.     Defendant denies the allegations contained in paragraph thirty-four (34) of the Plaintiff's Complaint and demands strict proof thereof.

35.     Defendant denies the allegations contained in paragraph thirty-five (35) of the Plaintiff's Complaint and demands strict proof thereof.

36.     Defendant denies the allegations contained in paragraph thirty-six (36) of the Plaintiff's Complaint and demands strict proof thereof.

37.     Defendant denies the allegations contained in paragraph thirty-seven (37) of the Plaintiff's Complaint and demands strict proof thereof.

38.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph thirty-eight (38) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

39.     Defendant denies the allegations contained in paragraph thirty-nine (39) of the Plaintiff's Complaint and demands strict proof thereof.

40.     Defendant denies the allegations contained in paragraph forty (40) of the Plaintiff's Complaint and demands strict proof thereof.

41.     Defendant denies the allegations contained in paragraph forty-one (41) of the Plaintiff's Complaint and demands strict proof thereof.

42.     Defendant denies the allegations contained in paragraph forty-two (42) of the Plaintiff's Complaint and demands strict proof thereof.

43.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph forty-three (43) of the Plaintiff's Complaint and thus, the Defendant denies same and demands strict proof thereof.

44.     Defendant denies the allegations contained in paragraph forty-four (44) of the Plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant pleads the general issue, and denies each and every material allegation in Plaintiffs' Complaint and demands strict proof thereof.

### SECOND DEFENSE

The Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted.

### THIRD DEFENSE

This Defendant denies that it owed any such duty to the Plaintiffs or that it breached any duty to the Plaintiff.

### FOURTH DEFENSE

This Defendant avers that the injuries to the Plaintiff were caused by actions, inactions, events or circumstances unrelated to and outside the control of this Defendant and for which this Defendant had no legal responsibilities as a matter of law.

### FIFTH DEFENSE

This Defendant avers that the incidents described in the Plaintiff's Complaint were caused by the intervening and/or superseding action or inaction for which this Defendant is in no way liable.

### SIXTH DEFENSE

This Defendant avers that the sole proximate cause of the damages allegedly sustained by the Plaintiff was the action, non-action, or negligence of a person or persons other than the Defendant, for whose action, non-action, or negligence this Defendant is in no way liable.

## SEVENTH DEFENSE

This Defendant avers that the sole proximate cause of the damages allegedly sustained by the Plaintiff was the combination of actions, non-actions, or negligence of a person or persons other than this Defendant, for whose actions, non-actions, or negligence this Defendant is in now way liable.

## EIGHTH DEFENSE

This Defendant denies that it is legally responsible for or liable to the Plaintiff for the actions or omissions of any Co-Defendant.

## NINTH DEFENSE

This Defendant avers that the Plaintiff cannot establish that any action or inaction on the part of this Defendant proximately caused any of the damages alleged by the Plaintiff.

## TENTH DEFENSE

This Defendant affirmatively pleads the defense of contributory negligence.

## ELEVENTH DEFENSE

This Defendant affirmatively pleads the defense of assumption of risk.

## TWELFTH DEFENSE

This Defendant avers that any potential dangerous conditions to which Plaintiff claims he was subjected were open and obvious conditions which are in no way related to the actions or inactions of Defendant.

## THIRTEENTH DEFENSE

This Defendant avers that the Plaintiff has failed to mitigate his damages.

## FOURTEENTH DEFENSE

This Defendant may not be held liable for the negligence or wantonness of any third party or co-defendant.

## FIFTEENTH DEFENSE

This Defendant pleads any and all applicable statutes of limitations as a bar to Plaintiff's claims.

## SIXTEENTH DEFENSE

This Defendant pleads product misuse as a bar to Plaintiff's claims.

## SEVENTEENTH DEFENSE

The Defendant avers that the existing law of Alabama with respect to punitive damages is unconstitutional in that it is impermissibly vague and incomprehensible in that no standard is given a jury for determining the amount to be awarded.

## EIGHTEENTH DEFENSE

The Defendant avers the Plaintiff's claim under Alabama law for punitive damages is unconstitutional in that it violates the Federal Constitution prohibition against the imposition of excessive fines and bail as provided by the Eighth Amendment to the United States Constitution, applicable to the State of Alabama by virtue of the Fourteenth Amendment to the United States Constitution, as well as Article I § 15 of the Constitution of Alabama.

## NINTEENTH DEFENSE

The Defendant avers that the Plaintiff's claim under Alabama law for punitive damages is unconstitutional, and it violates the Fourteenth Amendment Due Process Clause of the United States Constitution as it involves state action in an arbitrary and discriminatory assessment of damages without objective criteria and subsequent deprivation of property and liberty interest.

## TWENTIETH DEFENSE

The Defendant avers that the Plaintiff's claim under Alabama law for punitive damages is unconstitutional in that it violates the Due Process Clause of the Fourteenth Amendment to the

United States Constitution in that it allows for arbitrary changes in permitted punishment for proscribed acts as condemned by the Ex Post Facto Clause of Article I § 10(1) of the United States Constitution.

### TWENTY-FIRST DEFENSE

The claims for punitive damages alleged in the Amended Complaint are barred by the absence under Alabama law of an appropriate standard of sufficient clarity for a jury to determine the appropriateness of an award of punitive damages and/or the amount thereof in violation of this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

The absence under Alabama law of a right to contribution among joint tortfeasors or other apportionment of compensatory and/or punitive damages violates this Defendant's rights to due process under the Fifth and Fourteenth Amendments to the Constitution of the United States.

### TWENTY-THIRD DEFENSE

The Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate the Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Article I, §6, the Alabama Constitution.

### TWENTY-FOURTH DEFENSE

The Plaintiff's claim for punitive damages cannot be sustained, because of an award of punitive damages under Alabama law unless Defendant's liability therefor under the Alabama Wrongful Death Act is required to be established by clear and convincing evidence. Otherwise, any award of punitive damages would violate Defendant's due process and equal protection rights

guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, §§1, 6 and 22 of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because of an award of punitive damages by a jury under Alabama law has not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

## TWENTY-SIXTH DEFENSE

The Plaintiff's claim for punitive damages cannot be sustained because of an award of punitive damages under Alabama law is by a jury not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

## TWENTY-SEVENTH DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's claim for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law is by a jury that is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### TWENTY-NINTH DEFENSE

The Plaintiff's claims for punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Alabama law by a jury is not subject to judicial review on the basis of the objective standards and thus would violate Defendant's due process and equal protection rights guaranteed by the Fourth Amendment of the United States Constitution and by Article I, §6 of the Alabama Constitution.

### THIRTIETH DEFENSE

This Defendant asserts and incorporates by reference all standards or limitations regarding the determination and enforceability of punitive damages set out by the United States Supreme Court in BMW of North America v. Gore.

### THIRTY-FIRST DEFENSE

Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate State interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment

of the United States Constitution and Article I, §§1, 6 and 22 of the Constitution of the State of Alabama.

## THIRTY-SECOND DEFENSE

This Defendant incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

## THIRTY-THIRD DEFENSE

The claims of Plaintiffs may be barred by additional defenses that have been plead by other parties to this case which Defendant incorporates and adopts as if set out in full herein and further, the Defendant also asserts that Plaintiff's claims may be barred by additional defenses which may arise or become known to the Defendant during the course of this litigation and which this Defendant reserves the right to assert.

**Defendant Sunbelt Rentals, Inc. Demands a Trial Struck by Jury.**

s/ T. Kelly May
**T. KELLY MAY, MAY014**
**PAUL F. MALEK, MAL021**
Attorneys for Defendants
Sunbelt Rentals

**OF COUNSEL:**

HUIE, FERNAMBUCQ AND STEWART, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
(205) 251-1193

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2007, I electronically filed a copy of the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Parker C. Johnston, Esq.
Attorney at Law, LLC
Post Office Box 1207
Millbrook, Alabama 36054

Julia A. Beasley, Esq.
Kendall C. Dunson, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, P.A.
P. O. Box 2148
Montgomery, Alabama 36102-2148

Robert C. Ward, Jr.
Bethany L. Bolger
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

s/ T. Kelly May
OF COUNSEL