IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>EISENMANN CORPORATION, )<br>et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.:<br>2:06-CV-1018-MEF |

## ANSWER TO AMENDED COMPLAINT

**COMES NOW** the defendant, designated by plaintiff as Eisenmann Corporation, by and through the undersigned counsel of record in the above-styled cause of action, and for answer to plaintiff's Amended Complaint states as follows:

### I. BACKGROUND OF THE PARTIES

1. This defendant lacks sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the plaintiffs amended complaint.

2. No response required by this defendant; however, to the extent that the allegations of paragraph 2 of the plaintiffs amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant

-1-

demands strict proof thereof.

3. No response required by this defendant; however, to the extent that the allegations of paragraph 3 of the plaintiffs amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

4. Eisenmann is a Delaware corporation with its principal place of business in Illinois.

5. No response required by this defendant; however, to the extent that the allegations of paragraph 5 of the plaintiffs amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

6-10. Defendant makes no statement as to the fictitious defendants; however, to the extent that the allegations of paragraphs 6-10 of the plaintiffs amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

## II. BACKGROUND OF THE FACTS

11. This defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the plaintiffs amended complaint.

12. This defendant denies the allegations in paragraph 12 of the plaintiffs

amended complaint and demands strict proof thereof.

13. No response is required by this defendant; however, to the extent that the allegations of paragraph 13 of the plaintiffs amended complaint apply to any conduct, behavior or status of the defendant, those allegations are denied and this defendant demands strict proof thereof.

14. No response is required by this defendant; however, to the extent that the allegations of paragraph 14 of the plaintiffs amended complaint apply to any conduct, behavior or status of the defendant, those allegations are denied and this defendant demands strict proof thereof.

15. Defendant admits that it had an agreement to provide contracting services to Hyundai.

16. This defendant denies the allegations in paragraph 16 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

17. No response is required by this defendant; however, to the extent that the allegations of paragraph 17 of the plaintiffs amended complaint apply to any conduct, behavior or status of the defendant, those allegations are denied and this defendant demands strict proof thereof.

## COUNT ONE

**(Negligent/wanton failure to maintain safe workplace)**

18. This defendant adopts by reference its responses to the above paragraphs as it fully set forth herein.

19. This defendant denies the allegations in paragraph 19 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

20. This defendant denies the allegations in paragraph 20 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

21. This defendant denies the allegations in paragraph 21 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

## COUNT TWO

**(Negligent/wanton inspection of work place premises)**

22. This defendant adopts by reference its responses to the above paragraphs as it fully set forth herein.

23. This defendant denies the allegations in paragraph 23 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

24. This defendant denies the allegations in paragraph 24 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

25. This defendant denies the allegations in paragraph 25 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

26. This defendant denies the allegations in paragraph 26 of the plaintiffs

amended complaint as phrased and demands strict proof thereof.

## COUNT THREE

### (Negligent/failure to warn)

27. This defendant adopts by reference its responses to the above paragraphs as it fully set forth herein.

28. This defendant denies the allegations in paragraph 28 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

29. This defendant denies the allegations in paragraph 29 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

30. This defendant denies the allegations in paragraph 30 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

31. This defendant denies the allegations in paragraph 31 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

32. This defendant denies the allegations in paragraph 32 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

## COUNT FOUR

### (Negligent/wanton failure to maintain man lift in reasonably safe condition)

33. This defendant adopts by reference its responses to the above paragraphs as it fully set forth herein.

34. This defendant denies the allegations in paragraph 34 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

35. This defendant denies the allegations in paragraph 35 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

36. This defendant denies the allegations in paragraph 36 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

37. This defendant denies the allegations in paragraph 37 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

## COUNT FIVE

**(Negligent/wanton design and manufacture of man lift)**

38. This defendant adopts by reference its responses to the above paragraphs as it fully set forth herein.

39. This defendant denies the allegations in paragraph 39 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

40. This defendant denies the allegations in paragraph 40 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

41. This defendant denies the allegations in paragraph 41 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

42. This defendant denies the allegations in paragraph 42 of the plaintiffs

amended complaint as phrased and demands strict proof thereof.

43.  No response required by this defendant; however, to the extent that the allegations of paragraph 43 of the plaintiffs amended complaint apply to any conduct, behavior or status of this defendant, those allegations are denied and this defendant demands strict proof thereof.

44.  This defendant denies the allegations in paragraph 44 of the plaintiffs amended complaint as phrased and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

### SECOND DEFENSE

The defendant avers that it is not guilty of the matters and things alleged in plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

The defendant says the plaintiff was guilty of negligence on said occasion and said negligence proximately contributed to cause his alleged injuries and damages.

## FOURTH DEFENSE

For that on the occasion complained of plaintiff assumed the risk of his injuries with knowledge of the dangers involved in the act that he was performing at the time of the said injuries.

## FIFTH DEFENSE

Said defendant pleads the general issue.

## SIXTH DEFENSE

This defendant pleads not guilty.

## SEVENTH DEFENSE

The plaintiff's injuries were caused by an open and obvious condition of which plaintiff was, or should have been, aware.

## EIGHTH DEFENSE

The plaintiff's injuries were caused by an efficient intervening cause.

## NINTH DEFENSE

Said defendant pleads the statute of limitations and laches as bar to recovery.

## TENTH DEFENSE

For that there is no causal connection or relationship between any alleged defect on the part of the defendant and plaintiff's injuries or damages.

## **ELEVENTH DEFENSE**

That venue is improper.

## **TWELFTH DEFENSE**

The plaintiff's complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates this defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the Constitution of the United States and Article I, Section 15 of the Constitution of the State of Alabama, and violates this defendant's rights to substantive due process as provided in the Fifth Amendment and Fourteen Amendment of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

Any claim for punitive damages is violative of Article I, Section 6 of the Constitution of the State of Alabama and the due process clause of the Fourteenth Amendment to the United States Constitution because Alabama law does not restrict an award of punitive damages to a reasonable relationship to the actual harm; does not require that punitive damages bear a reasonable relationship to the compensatory damages; allows punitive damages to be awarded based on nominal damages only; allows punitive damages to be awarded vicariously against a principal without a showing of authorization, knowledge or ratification; and allows punitive damages to

be awarded under an evidentiary standard less than "beyond a reasonable doubt."

### THIRTEENTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by the application of § 6-11-21, Code of Ala. (1975).

### FOURTEENTH DEFENSE

The holding of *Henderson v. Alabama Power Co.*, 627 So. 2d. 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to *Good Year Tire & Rubber Co. v. Vinson*, (Ms. 1972057; 1972186, April 23, 1999) ___ So. 2d. ___ (Ala. 1999), and supporting authorities cited therein, which are adopted by reference as if fully set forth herein.

### FIFTEENTH DEFENSE

The doctrine of revival dictates that upon the overruling of *Henderson, supra*, the cap provided by § 6-11-21, Code of Ala. (1975), is applicable to this case which was filed after § 6-11-21 was enacted.

### SIXTEENTH DEFENSE

Defendant avers that any punitive damages award would be subject to the limitations and restrictions as set forth in Ala. Code §6-11-21 (1975).

### SEVENTEENTH DEFENSE

This defendant pleads that it is entitled to the benefits of the protection of Ala.

Code §6-11-20 through 6-11-30 (1975, as amended).

## EIGHTEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislatures in Sections 13A-5-11 and 13A-5-12, Code of Alabama, (1975, as amended), jointly and separately.

## NINETEENTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of

different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTIETH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and, it constitutes a deprivation of property without the due process of the law.

## TWENTY-FIRST DEFENSE

The plaintiff is barred from offering any evidence of claiming damages for medical bills, expenses, or treatment on the ground that the same has been provided by a third party.

## TWENTY-SECOND DEFENSE

This defendant pleads that the plaintiff is barred from offering any evidence of medical expenses or bills and may not claim any damages for the same on the grounds that these expenses have been covered by a third party who has no right of

reimbursement in this case.

### TWENTY-THIRD DEFENSE

The defendant contends that any expenses or benefits paid by the worker's compensation carrier are not recoverable damages in this case on the grounds that the worker's compensation carrier has waived, released, and/or is estopped from seeking reimbursement for the same and, therefore, the plaintiff is barred from seeking recovery for same.

### TWENTY-FOURTH DEFENSE

This defendant avers jurisdiction is improper.

### TWENTY-FIFTH DEFENSE

Said defendant reserves the right to amend its Answer until all discovery has been completed.

                              Respectfully submitted,

                              s/A. Joe Peddy
                              A. Joe Peddy
                              SMITH, SPIRES & PEDDY, P.C.
                              Suite 200
                              2015 Second Avenue North
                              Birmingham, Alabama 35203
                              Telephone: (205) 251-5885
                              Fax: (205) 251-8642
                              ASB-2348-E63A
                              ajp@ssp-law.com

                                           s/Thomas M. Little
                                           Thomas M. Little
                                           SMITH, SPIRES & PEDDY, P.C.
                                           Suite 200
                                           2015 Second Avenue North
                                           Birmingham, Alabama 35203
                                           Telephone: (205) 251-5885
                                           Fax: (205) 251-8642
                                           ASB-2381-E68T
                                           Thomas@ssp-law.com

## CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing with the Clerk of Court using the Alabama Judicial System's E-Filing Website system which will send notification of such filing to the following e-mail addresses on this the 6th day of April, 2007.

Kendall C. Dunson
Julia Ann Beasley
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160

Parker C. Johnston
Parker C. Johnston Attorney at Law, LLC
P. O. Box 1207
3090 AL Highway 14
Millbrook, AL 36054

Bethany L. Bolger
Robert Charles Ward, Jr.
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36104

C. Winston Sheehan, Jr.
Ball, Ball, Matthews & Novak, PA
P.O. Box 2148
Montgomery, AL 36102-2148

Sunbelt Rentals
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

                                                                                                                                                                                                s/A. Joe Peddy
                                                                                                                                                                              Of Counsel