IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-1018-MEF |
| ) | (WO) |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND O R D E R**

This cause is before the Court on the Plaintiff's Motion Pursuant to Rule 56(f) to Refuse Defendant Rust Constructor's Motion for Summary Judgment or, Alternatively, to Order a Continuance of Motion (Doc. # 22), which this Court construes as a "Response to the Motion for Summary Judgment, or, in the Alternative, Motion to Continue Pursuant to Federal Rule of Civil Procedure 56(f)." To the extent the Plaintiff's filing contains a motion to continue, that motion is due to be DENIED.

Federal Rule of Civil Procedure 56(f) provides that where a party opposing a motion for summary judgment "cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make sure other order as is just." When requesting a continuance under Rule 56(f), the requesting party "must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial." *Barfield v. Brierton*, 883 F.2d 923, 932

(11th Cir. 1989) (citing *SEC v. Spence & Green Chemical Co.*, 612 F.2d 896, 900 (5th Cir. 1980).

"'The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts,' but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *Id.* (quoting *Spence & Green Chemical Co.*, 612 F.2d at 901). As the Plaintiff has not provided any specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial,[1] his motion to continue is without merit and is due to be denied.[2]

Therefore, it is hereby ORDERED that to the extent the Plaintiff's response to the motion for summary judgment (Doc. # 22) contains a motion for a continuance pursuant to Rule 56(f), that motion is DENIED.[3]

DONE this the 17th day of May, 2007.

　　　　　　　　　　　　　　　　　　　　/s/ Mark E. Fuller
　　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The only fact put forth by the Plaintiff to explain the need for a continuance is that Defendant Rust Constructors has not yet responded to the Plaintiff's first set of interrogatories and request for production. To support this, the Plaintiff submits as an exhibit Defendant Rust Constructor's written objections to the Plaintiff's discovery. The Plaintiff does so without any explanation as to the merit of these objections, the resolution of the discovery dispute, or what relevance the responses to the discovery have to the pending motion for summary judgment.

[2] It is worth noting that the Plaintiff's filing was nearly illegible as it was riddled with typos and formatting errors.

[3] The Court will reserve ruling on the Motion for Summary Judgment.

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)    **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)    **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)    **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)    **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

    Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).