**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| v. | )  Civil Action No. 2:06-cv-1018-MEF |
| | ) |
| | ) |
| **SUNBELT RENTALS, ET AL.** | ) |
| | ) |
| | ) |
| **Defendants** | ) |

**AGREED MOTION TO AMEND SCHEDULING ORDER**

COMES NOW the Defendant, SUNBELT RENTALS, INC. (sometimes hereafter "Sunbelt"), on behalf of all parties in this matter, and hereby respectfully requests that this Court amend its December 12, 2006, Scheduling Order. In support of said motion, Sunbelt Rentals, Inc. and all other parties state and show as follows:

1. Undersigned counsel for Sunbelt has consulted with not only counsel for the Plaintiff, but also counsel for all other defendants and understands that there is agreement by all that more time will be required to reasonably prepare this matter for trial. As such, there is no objection by any party to the relief sought herein.

2. Defendant Sunbelt Rentals, Inc. was not yet a party to this action at the time the presently existing Scheduling Order was both rendered and entered.

2. Given the number of parties and the scheduling difficulties that have occurred, discovery has not progressed as all counsel in this matter have hoped or anticipated.

3.      While the parties have generally completed written discovery, counsel for this Defendant (and the other defendants) have attempted to proceed with the taking of certain depositions but because of various scheduling conflicts and for other reasons (which, for example, counsel for Sunbelt understands to include plaintiff's medical condition), certain depositions have had to be postponed and rescheduled. By way of example, the plaintiff's deposition has been set on a few occasions but is presently scheduled to take place on March 24, 2008.

5.      None of the parties are attempting to create or cause an unreasonable delay or postponement of the existing scheduling order deadlines in this matter and are committed to working together for the purposes of expeditiously preparing this matter for trial. With the foregoing in mind, the parties are jointly requesting that this matter be placed upon the Court's September 29, 2008 civil jury trial docket <u>(at the earliest)</u> given the remaining discovery that will be required in this matter.

6.      In addition to the foregoing, it is also understood by counsel for Sunbelt that one of the lead attorneys for a co-defendant has a long-standing vacation planned for July 14, 2008 – the week that this matter is presently set for trial.

Wherefore, above premises considered, Defendant respectfully requests that this Court amend the existing scheduling order so as to allow additional time for discovery so that the parties are more reasonably prepared to proceed to trial.[1]

Dated:          March 6, 2008

---

[1] An example of what the parties propose as an amended scheduling order is attached hereto as Exhibit A

Respectfully submitted,

/s/ Paul F. Malek
Paul F. Malek
Huie, Fernambucq & Stewart, LLP
Three Protective Center, Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223-2484
205-251-1193 (Telephone)
205-251-1256 (Facsimile)
pfm@hfsllp.com
ASB-0656-A48P

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2007, I electronically filed a copy of the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Parker C. Johnston, Esq.
Attorney at Law, LLC
Post Office Box 1207
Millbrook, Alabama 36054

Julia A. Beasley, Esq.
Kendall C. Dunson, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103

Robert C. Ward, Jr.
Bethany L. Bolger
Rushton, Stakely, Johnston & Garrett, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

A. Joe Peddy, Esq.
Thomas M. Little, Esq.
Smith, Spires & Peddy, P.C.
Suite 200
2015 Second Avenue North
Birmingham, AL 35203

Christopher G. Hume, III, Esq.
W. Kyle Morris, Esq.
Miller, Hamilton, Snider & Odom, L.L.C.
P. O. Box 46
Mobile, AL 36601

/s/Paul F. Malek
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 2:06-cv-1018-MEF |
| ) | |
| SUNBELT RENTALS, ET AL. ) | |
| ) | |
|     Defendants ) | |

### UNIFORM SCHEDULING ORDER

The Court has adopted a new scheduling order in light of the amendments to the **Federal Rules of Civil Procedure which became effective on December 1, 2000. Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

**NOTE: Section 9 is NEW.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial conference of this case is scheduled for **August 29, 2008**, in the Chambers of United States District Judge Mark E. Fuller, United States Courthouse, One Church Street, A-300, Montgomery, Alabama, and this cause is set for trial during the term of this Court commencing on **September 29, 2008**, in Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **May 23, 2008**. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before **May 14, 2008**, counsel for all parties shall conduct a **face-to-face settlement conference** at which counsel shall engage in good faith settlement negotiations. If

# EXHIBIT A

settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement.  Not more than **five (5) days** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation".  His pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

**SECTION 4.**  Any motions to amend the pleadings and to add parties shall be filed on or before **March 31, 2008.**

**SECTION 5.**  Any motion for class certification shall be filed on or before **May 16, 2008.**  A brief discuss the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.**  The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7.**  All discovery shall be completed **on or before August 8, 2008**, except that, as to any witness whose names are not revealed until the last day allowed under SECTION 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.**  The parties shall disclose to each other the identify of ANY person who may be used at trial to present evidence under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee fo the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) – **May 2, 2008**

From the defendant(s) - **June 2, 2008**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.  General Provisions:**

(a) All briefs on any matter before the Court must be formal in format and filed with the court.  The Court does not accept "letter briefs" or "letter reports."

(b) A request or motion for extension of a deadline in any Court order (I) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.  A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met.  Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(c) Any proposed order that a party desires the Court to enter should be submitted to the Court in **both** (a) an Adobe Acrobat PDF format attachment to the motion **and** (b) by transmitting an electronic copy of the proposed pretrial order to the Court as an attachment to an e:mail message sent to *propord_fuller@almd.uscourts.gov.* For those purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**SECTION 10. On or before July 14, 2008,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11. On or before July 14, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed **15 days prior to the trial date**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules ov Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12. On or before July 14, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of purpose of impeachment. <u>Except to the extent written objections are served and filed no later than **15 days prior to the trial date**, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

**SECTION 13.** Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on December 8, 2006, is adopted and incorporated herein.

**SECTION 14:** *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE 15 DAYS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE Court ON MOTION OF EITHER PARTY.** Trial counsel are

**DIRECTED** to review the jury questionnaire used in this Court and to avoid any duplication of matters addressed therein in their voir dire questions.  The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

  **SECTION 15.**  In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

  **SECTION 16.**  If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties.  Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

  Done this _____ day of _____, 2008.


                _____
                CHIEF UNITED STATES DISTRICT JUDGE