IN THE UNITED STATES COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONNIE GANT, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. |
| | * 2:06-CV-1018 |
| | * |
| HYUNDAI MOTOR MANUFACTURING | * |
| ALABAMA, LLC, et al., | * |
| | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

Plaintiff Lonnie Gant hereby files his Second Amendment to Complaint to clarify the term "subject man lift" and by alleging additional claims of negligence against Defendant Eisenmann and Defendant Hyundai. The word "man lift" or "subject man lift" shall be substituted by the words "cockpit lift station" throughout the Complaint and Amended Complaint in lieu thereof.

## COUNT SIX

45. Plaintiff realleges all prior paragraphs of the Complaint and Amended Complaint as if set out here in full.

46. Prior to September 24, 2004, Eisenmann contracted with American Industrial Contractors (hereinafter referred to as "AIC") to provide labor and to perform certain work at the Hyundai facility.

47. On September 24, 2004, Jacques Lauzon was the authorized Eisenmann representative on the job with AIC to replace belts on the cockpit lift station.

48. Prior to and on September 24, 2004, Defendant Eisenmann had requested

AIC to provide millwright labor to assist Eisenmann, at Eisenmann's direction, for work to be performed on the cockpit lift station.

49. On September 24, 2004, Defendant Eisenmann, through its representative, Jacques Lauzon, acted as foreman on the Hyundai job site with AIC to replace the belts on the cockpit lift station.

50. On September 24, 2004, AIC workers Lonnie Gant and Louis Turner were working under the supervision and direction of the Eisenmann foreman, Jacques Lauzon.

51. On September 24, 2004, Defendant Eisenmann owed a duty to Plaintiff Lonnie Gant and the other AIC workers to discuss and implement a safe operating procedure for Lonnie Gant and Louis Turner which would prevent injury to Lonnie Gant while he was underneath the cockpit lift station to replace the belts.

52. On September 24, 2004, Defendant Eisenmann owed a duty to Plaintiff Lonnie Gant and the other AIC workers to ensure that the position locks were in the proper position and were working properly in order to safely hold the cockpit lift station secure for Plaintiff Lonnie Gant to replace the belts.

53. On September 24, 2004, Defendant Eisenmann owed a duty to Plaintiff Lonnie Gant and the other AIC workers to ensure that the locking devices were working properly, that the on and off buttons for the locking device were wired properly and were working properly, and that the locking devices would securely hold the cockpit lift station in place while Plaintiff Lonnie Gant replaced the belts.

54. On September 24, 2004, Defendant Eisenmann owed a duty to Plaintiff

Lonnie Gant and the other AIC workers to ensure that the lock-out/tag-out procedure was done properly and would safely lock out all equipment to keep the cockpit lift station secure while Plaintiff Lonnie Gant was underneath it to replace the belts.

55. On September 24, 2004, Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to supervise and/or failing to properly instruct Plaintiff Lonnie Gant in a safe procedure which would prevent injury to him while he was underneath the cockpit lift station to replace the belts.

56. On September 24, 2004, Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to discuss and/or by negligently failing to implement a safe operating procedure for all work to be performed on the cockpit lift station which would prevent injury to Lonnie Gant while he was underneath the cockpit lift station to replace the belts.

57. On September 24, 2004, Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to ensure that the position locks were in the proper position and were working properly in order to safely hold the cockpit lift station secure for Lonnie Gant to replace the belts.

58. On September 24, 2004, Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to ensure that the locking devices were working properly, by failing to ensure that the on and off buttons for the locking device were wired properly and working properly and/or by failing to ensure that the locking devices would securely hold the cockpit lift station in place while Plaintiff Lonnie Gant replaced the belts.

59.   On September 24, 2004, Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to ensure that the lock-out/tag-out procedure was done properly and/or would safely lock out all equipment to keep the cockpit lift station secure while Plaintiff Lonnie Gant was under it to replace the belts.

60.   As a proximate result of Defendant Eisenmann's negligence, Plaintiff Lonnie Gant was permanently and severely injured as follows:  he suffered bodily injuries; he suffered loss of consciousness; he sustained a closed head injury; he sustained left frontal scalp soft tissue swelling; he sustained lacerations to his head; he sustained a comminuted open fracture of his left tibia and a fracture to his left fibula which required surgery; he suffered multiple rib fractures on both sides; he sustained a fracture of the sternum with hemorrhage; he sustained a T3 spinous fracture; he sustained a burst fracture to L3 and a severely comminuted compression of the L3 vertebral body; he was required to have a 4 Level fusion surgery on his back; he developed pulmonary effusion and pneumonia; he was required to be hospitalized from September 24, 2004, through October 9, 2004; he was required to seek medical treatment and will be required to seek medical treatment in the future; he suffered severe pain and suffering; he will continue to suffer pain in the future; he was required to go through physical therapy; he was permanently injured; he has physical restrictions and cannot lift more than 30 pounds; he will never return to medium or heavy labor or construction work; he will be limited in his job opportunities and abilities; he has incurred medical expenses and will continue to incur medical expenses in the future; he is permanently disabled or impaired; he has lost the quality of his life; he

suffered mental anguish and will continue to do so in the future; and he lost income and continue to lose income in the future; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Eisenmann in such an amount of compensatory damages as a jury may award and the costs of this action.

## COUNT SEVEN

61. Plaintiff realleges all prior paragraphs of the Complaint and Amended Complaint as if set out here in full.

62. Defendant Eisenmann (as contractor) was under contract with Defendant Hyundai (as owner) to provide labor, work, tools, materials, equipment, services, supervision, installed and consumable materials and other services to Hyundai.

63. Prior to and on September 24, 2004, Defendant Eisenmann contracted with AIC to provide millwright labor to assist Defendant Eisenmann, at Eisenmann's direction, for work to be performed on the cockpit lift station at the Hyundai facility.

64. Prior to and on September 24, 2004, Defendant Hyundai owed a duty to Plaintiff Lonnie Gant and other AIC workers to require, implement and enforce a project manual which required Defendant Eisenmann to provide and/or to enforce safe operating procedures for all work to be performed on the cockpit lift station.

65. On September 24, 2004, Defendant Hyundai owed a duty to Plaintiff Lonnie Gant and other AIC workers to require Defendant Eisenmann, as foreman of the job to replace the belts on the cockpit lift station, to properly supervise all AIC workers and/or to properly oversee all work while Plaintiff Lonnie Gant was working at, near or

underneath the cockpit lift station.

66.   On September 24, 2004, Defendant Hyundai owed a duty to Plaintiff Lonnie Gant and other AIC workers to ensure that Defendant Eisenmann had a plan in place which required Defendant Eisenmann to ensure that all position locks, all locking devices and all lock-out/tag-out procedures were installed properly, were in the correct position, were working properly and would safely hold the cockpit lift station secure for Plaintiff Lonnie Gant to get underneath the cockpit lift station to replace the belts.

67.   On September 24, 2004, Defendant Hyundai breached its duty to Plaintiff Lonnie Gant by negligently failing to require, implement and enforce a project manual which required Defendant Eisenmann to provide and/or enforce safe operating procedures for all work to be performed on the cockpit lift station.

68.   On September 24, 2004, Defendant Hyundai breached its duty to Plaintiff Lonnie Gant by negligently failing to require Defendant Eisenmann, as foreman on the job to replace the belts on the cockpit lift station, to properly supervise all AIC workers and/or by failing to properly oversee all work while Plaintiff Lonnie Gant was working at, near or underneath the cockpit lift station.

69.   On September 24, 2004, Defendant Hyundai breached its duty to Plaintiff Lonnie Gant by negligently failing to ensure that Defendant Eisenmann had a plan in place which required Defendant Eisenmann to ensure that all position locks, all locking devices and all lock-out/tag-out procedures were installed properly, were in the correct position, were working properly and would safely hold the cockpit lift station secure for Plaintiff Lonnie Gant to get underneath the cockpit lift station to replace the belts.

70. As a proximate result of Defendant Hyundai's negligence, Plaintiff Lonnie Gant was permanently and severely injured as alleged in paragraph 60 above.

WHEREFORE, Plaintiff demands judgment against Defendant Hyundai in such an amount of compensatory damages as a jury may award and the costs of this action.

## COUNT EIGHT

71. Plaintiff realleges all prior paragraphs of the Complaint and Amended Complaint as if set out here in full.

72. Prior to working at this Hyundai facility, Plaintiff Lonnie Gant had never performed work on an elevator or a cockpit lift station at an automotive plant.

73. On September 24, 2004, Defendant Hyundai and Defendant Eisenmann owed a duty to Plaintiff Lonnie Gant to require that he be properly trained in safe procedures for working on, near or underneath a cockpit lift station, including locking device positions or other procedures which involved securement of the cockpit lift station.

74. On September 24, 2004, Defendant Hyundai and Defendant Eisenmann owed Plaintiff Lonnie Gant a duty to properly supervise all steps in the process of securing the cockpit lift station so that Plaintiff Lonnie Gant could safely be underneath the cockpit lift station to replace the belts.

75. On September 24, 2004, Defendant Hyundai and Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to properly train Plaintiff Lonnie Gant in safe procedures which involved work on, near or under a cockpit lift station, including locking device positions or other procedures which involved

securement of the cockpit lift station.

76.    On September 24, 2004, Defendant Hyundai and Defendant Eisenmann breached its duty to Plaintiff Lonnie Gant by negligently failing to properly supervise all steps in the process of securing the cockpit lift station so that Plaintiff Lonnie Gant could safely be underneath the lift to replace the belts.

77.    As a proximate result of Defendant Hyundai and Defendant Eisenmann's negligence, Plaintiff Lonnie Gant was permanently and severely injured as alleged in paragraph 60 above.

WHEREFORE, Plaintiff demands judgment against Defendant Eisenmann and Defendant Hyundai in such an amount of compensatory damages as a jury may award and the costs of this action.

/s/ Julia A. Beasley
JULIA A. BEASLEY (BEA039)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama  36103-4160
(334) 269-2343

Mr. Parker C. Johnston
ATTORNEY AT LAW
P.O. Box 1207
Millbrook, AL  36054

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> either electronically using the CM/ECF system or by placing a copy of same in the United States Mail, first class, postage prepaid on this the 7th day of April, 2008.

                              /s/ Julia A. Beasley
                              OF COUNSEL

Mr. Parker C. Johnston
ATTORNEY AT LAW
P.O. Box 1207
Millbrook, AL  36054

Mr. Robert C. Ward, Jr.
Ms. Bethany L. Bolger
RUSHTON, STAKELY, JOHNSTON
& GARRETT
P.O. Box 270
Montgomery, AL  36101-0270
Attorneys for Hyundai

Mr. A. Joe Peddy
Mr. Thomas Little
SMITH, SPIRES & PEDDY, P.C.
Suite 200
2015 Second Avenue North
Birmingham, Alabama  35203
Attorney for Eisenmann

Mr. T. Kelly May
Mr. Paul Frederich Malek
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South
Birmingham, AL  35223
Attorneys for Sunbelt

Mr. Christopher G. Hume, III
MILLER, HAMILTON, SNIDER & ODOM
P.O. Box 46
Mobile, AL  36601
Attorneys for Eisenmann

9