IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LONNIE GANT,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CIVIL ACTION NO. 2:06-CV-1018-MEF |
| | * |
| **HYUNDAI MOTOR MANUFACTURING** | * |
| **ALABAMA, LLC; RUST** | * |
| **CONSTRUCTORS, INC.; EISENMANN** | * |
| **CORPORATION; and, SUNBELT** | * |
| **RENTALS, et al.** | * |
| | * |
| Defendants. | * |

### DEFENDANT EISENMANN CORPORATION'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

**COMES NOW** Defendant Eisenmann Corporation (hereinafter "Eisenmann") by and through its attorneys of record, and in response to Plaintiffs Request for Admissions, submits the following:

1.   The medical treatment provided by Baptist Medical Center South from September 24, 2004 through October 9, 2004, to Lonnie Gant was medically necessary.

**RESPONSE:**   Defendant hereby denies this request without legal authentication.

2.   The medical charges of Baptist Medical Center South for the treatment of Lonnie Gant in the amount of $l 86,928.61 are reasonable charges.

**RESPONSE**:   Defendant hereby denies this request without legal authentication.

3.   The medical treatment provided by Dr. Phillip J. Hodge of Southeast Neurosurgical & Spine Institute for October 18, 2004, November 9, 2004, December 7, 2004, and March 18, 2005, to Lonnie Gant was medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

4.     The medical charges of Dr. Phillip J. Hodge of Southeast Neurosurgical & Spine Institute for the treatment of Lonnie Gant in the amount of $529.00 are reasonable charges.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

5.     The medical services provided by Greenville Radiology on March 4, 2005, to Lonnie Gant were medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

6. The medical charges of Greenville Radiology for the treatment of Lonnic Gant in the amount of $117.00 are reasonable charges.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

7.     The medical treatment provided by Dr. Timothy Holt of Montgomery Spine Center from September 24, 2004 through September 28, 2004, to Lonnie Gant was medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

8.     The medical charges of Dr. Timothy Holt of Montgomery Spine Center for the treatment of Lonnie Gant in the amount of $29,615.97 [sic] Lonnie Gant are reasonable charges.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

9.     The medical treatment provided by Dr. J. Torn Anderson of Oakwood Orthopaedic Clinic [sic] November 2, 2004 through March 15, 2005, to Lonnie Gant was medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

10.    The medical charges of Dr. J. Tom Anderson of Oakwood Orthopaedic Clinic for the treatment of Lonnie Gant in the amount of $1,367.00 are reasonable charges.

**RESPONSE**:     Defendant hereby denies this request without legal authentication.

it. The medical treatment provided by Health South from November 23, 2004 through October 3, 2007, to Lonnie Gant was medically necessary.

**RESPONSE**:     Defendant hereby denies this request without legal authentication.

11.    The medical treatment provided by Health South from November 23, 2004, through October 3, 2007, to Lonnie Gant was medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

12.    The medical charges of Health South for the treatment of Lonnie Gant in the amount of $4,097.00 are reasonable charges.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

13.    The medical treatment provided by Dr. William Saliski for September 24, 2004, to Lonnie Gant was medically necessary.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

14.    The medical charges of Dr. William Saliski for the treatment of Lonnie Gant has not been received to date but, [sic] will be supplemented for said Defendant to admit or deny.

**RESPONSE:**     Defendant hereby denies this request without legal authentication.

15. The medical treatment provided by Dr. Joseph F. Curtis, Jr., for September 24, 2004, to Lonnie Gant was medically necessary.

**RESPONSE:** Defendant hereby denies this request without legal authentication.

16. The medical charges of Dr. Joseph F. Curtis, Jr., for the treatment of Lonnie Gant in the amount of $2,980.00 are reasonable charges.

**RESPONSE**: Defendant hereby denies this request without legal authentication.

17. The medical services provided by Advantage Rehab Consulting for April 24, 2006, to Lonnie Gant were reasonable charges.

**RESPONSE:** Defendant hereby denies this request without legal authentication.

18. The medical charges of Advantage Rehab Consulting for the treatment of Lonnie Gant has not been received to date, but will be supplemented for said Defendant to admit or deny.

**RESPONSE:** Defendant hereby denies this request without legal authentication.

Respectfully submitted this the 11th day of June, 2008.

/s/ Christopher G. Hume, III
CHRISTOPHER G. HUME, III (HUM009)
KATHRYN W. DREY (PETK9515)
Attorneys for Defendant
Eisenmann Corporation

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM, LLC
P. O. Box 46
Mobile, AL 36601
(251) 432-1414
chrishume@mhsolaw.com

/s/ Joe A. Peddy
THOMAS M. LITTLE (LIT017)
JOE A. PEDDY (PED002)
Attorneys for Defendant
Eisenmann Corporation

OF COUNSEL:
SMITH, SPIRES & PEDDY, P.C.
2015 2nd Avenue North, Suite 200
Birmingham, AL  35203
(205) 251-5885
Thomas@ssp-law.com

CERTIFICATE OF SERVICE

 I hereby certify that I have served a copy of the foregoing upon the following by placing it in the U.S. Mail, postage prepaid and properly addressed and via e-mail:

 Dated this 11th day of June 2008.

Julia Ann Beasley, Esq.
Kendall C. Dunson, Esq.
Beasley, Allen, Crown, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
Julia.beasley@beasleyallen.com
Kendall.dunson@beasleyallen.com

Parker C. Johnston, Esq.
Parker C. Johnston Attorney at Law, LLC
P. O. Box 1207
3090 AL Highway 14
Millbrook, AL 36054
pcj@parkerjohnston.com

Bethany L. Bolger, Esq.
Robert Charles Ward, Jr., Esq.
Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36104
rcw@rsjg.com
bbolger@rsjg.com


C. Winston Sheehan, Jr., Esq.
Ball, Ball, Matthews & Novak, PA
P.O. Box 2148
Montgomery, AL 36102-2148
wsheehan@ball-ball.com

Thomas Kelly May, Sr., Esq.
Paul Frederich Malek, Esq.
Huie, Fernambucq & Stewart LLP
Three Protective Center
2801 Highway 280 South
Suite 200
Birmingham, AL 35223
tmk@hfsllp.com
pfm@hfsllp.com


          /s/ Christopher G. Hume, III
          Of Counsel