IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:06-cv-1018-MEF |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING, LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR ENTRY OF
SUPPLEMENTAL PROTECTIVE ORDER**

COME NOW the parties in this case, by and through their counsel of record, and respectfully request that this Court enter and approve the attached Supplemental Protective Order in this case. As grounds therefore, the parties would state as follows:

1. A Protective Order (Doc. 14) has been entered previously by this Court at the request of the parties. Said Order focuses primarily on confidentiality of documents and other materials and also reserves the right to seek additional protection of confidential information.

2. The parties seek to supplement said Protective Order and hereby request that the Court approve and enter the attached Supplemental Protective Order which will specifically address the inspection of the Cockpit Delivery Drop Lift and its

component parts, which will take place at the Hyundai Motor Manufacturing, LLC, ("HMMA") facility.

3. Said inspection has been scheduled so that experts retained by the parties may view and inspect the accident site made the basis of Plaintiff's Complaint.

4. This joint motion is submitted in light of the sensitive and confidential nature of Defendant HMMA's corporate information available during such inspection and in response to HMMA's concerns as to protecting its confidential and proprietary information and to prevent hindering of its ongoing manufacturing process.

5. Said inspection is currently scheduled to take place on **September 3, 2008, at 3:30 p.m**. In light of the issues and concerns referenced above, the parties request that the Court enter the attached order prior to said inspection.

6. I hereby certify this document is filed with consent of all counsel of record.

WHEREFORE, the parties respectfully request that this Honorable Court enter the Supplement Protective Order attached hereto.

Respectfully submitted this 29th day of August 2008.

/s/Julia A. Beasley
JULIA A. BEASLEY
*Attorney for Plaintiff Lonnie Gant*

**OF COUNSEL:**
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama  36103

/s/Christopher G. Hume, III
CHRISTOPHER G. HUME, III
*Attorney for Defendant Eisenmann*

**OF COUNSEL:**
MILLER, HAMILTON, SNIDER & ODOM
Post Office Box 46
Mobile, Alabama 36601

/s/ Thomas A. Little
A. JOE PEDDY
THOMAS M. LITTLE
*Attorneys for Defendant Eisenmann*

**OF COUNSEL:**
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North, Suite 200
Birmingham, Alabama 35203

/s/Bethany L. Bolger
ROBERT C. WARD, JR.
BETHANY L. BOLGER
*Attorneys for Defendant*
*Hyundai Motor Manufacturing, LLC*

**OF COUNSEL:**
RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101-0270

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  2:06-CV-06-1018-MEF |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING** | ) |
| **ALABAMA, LLC,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## SUPPLEMENTAL PROTECTIVE ORDER

This matter comes before the Court on a joint motion for entry of a supplemental protective order regarding the inspection of the Cockpit Delivery Drop Lift and its component parts by experts retained by the parties. In light of the sensitive and confidential nature of the Hyundai Motor Manufacturing Alabama, LLC, ("HMMA") corporate information available during any such inspection and in response to HMMA's concerns as to protecting its confidential and proprietary information and to prevent hindering its ongoing manufacturing process, the Court hereby GRANTS the motion and ORDERS that the inspection occur under the following terms:

    1.    The inspection shall take place on September 3, 2008, at 3:30 p.m. This time was selected so that the inspection could occur between shifts to prevent

any potential disruption in production. In the event that a need arises to re-schedule the inspection, the parties shall conduct the inspection on a mutually agreed-upon date and during a non-production time to avoid any potential disruptions. Moreover, this Order shall have the same force and effect should a re-scheduling occur.

    2.    Each party's attorney or designated representative along with any experts/consultants may be permitted to attend the inspection provided that each party shall submit at least two days in advance to HMMA, through its legal counsel, the name, address, and association of any individual, representative, or consultant it intends to bring to the inspection.

    3.    No party, representative, or consultant shall be permitted to obtain, use, or bring on site any of its own photo, video, or other recording equipment of any kind. This ban shall include, but is not limited to, the on-site possession of cellular telephones that contain cameras. This is in recognition of HMMA's policy not to allow outside cameras into the facility. HMMA representatives with digital cameras and video recorders will be available to take pictures and videos as directed by the inspecting parties and will allow them to review the pictures or videos thereafter to see if it meets their approval. All photographs and videos taken by HMMA personnel at the direction of any inspecting party will be reproduced and made available to any requesting party via an agreed-upon medium

(such as CD-ROM, email, VHS tape, digital recording, DVD, etc.) for the reasonable cost of reproducing the same.

    4.    No inspection, photograph, or video recordings will be taken of any part of the manufacturing facility or any equipment therein which does not directly relate to the allegations made in the plaintiff's complaint. Specifically, the inspection shall be strictly limited to the HMMA General Assembly Department's Cockpit Delivery Drop Lift and the area immediately surrounding the lift. The term "Cockpit Delivery Drop Lift" includes: the lift, its component parts, and the computer software/hardware associated therewith. The inspection may also include the Cockpit Module Two Post Drop Lift and the Cockpit Module Two Post Bypass Drop Lift.

    5.    Inspection and any information, photograph, video recordings, or things gleaned there from shall be subject to this and any other orders entered by the Court in this case.

    6.    Any requests for a follow-up inspection will be addressed if and when the need arises.

    7.    The Court will maintain jurisdiction over this Order regarding the inspection and will rule upon any disputes or complaints the parties may have should they not be able to reasonably resolve the same.

8.      While on the facility premises, all parties and their representatives will be required to adhere to HMMA's safety standards and requirements, including the use of personal protective equipment.

9.      This Order is in addition and supplemental to the previously entered Protective Order (Doc. 14) in this case and is by no means intended to limit or restrict the previous Order in any way.

DONE this _____ day of _____ 2008.


_____
CHIEF UNITED STATES DISTRICT JUDGE


cc:  Counsel of Record