# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **LONNIE GANT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  2:06-CV-06-1018-MEF |
| | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING** | ) |
| **ALABAMA, LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## SUPPLEMENTAL PROTECTIVE ORDER

This matter comes before the Court on a joint motion for entry of a supplemental protective order regarding the inspection of the Cockpit Delivery Drop Lift and its component parts by experts retained by the parties.  In light of the sensitive and confidential nature of the Hyundai Motor Manufacturing Alabama, LLC, ("HMMA") corporate information available during any such inspection and in response to HMMA's concerns as to protecting its confidential and proprietary information and to prevent hindering its ongoing manufacturing process, the Court hereby GRANTS the motion and ORDERS that the inspection occur under the following terms:

1.	The inspection shall take place on September 3, 2008, at 3:30 p.m.  This time was selected so that the inspection could occur between shifts to prevent any

potential disruption in production. In the event that a need arises to re-schedule the inspection, the parties shall conduct the inspection on a mutually agreed-upon date and during a non-production time to avoid any potential disruptions. Moreover, this Order shall have the same force and effect should a re-scheduling occur.

2. Each party's attorney or designated representative along with any experts/consultants may be permitted to attend the inspection provided that each party shall submit at least two days in advance to HMMA, through its legal counsel, the name, address, and association of any individual, representative, or consultant it intends to bring to the inspection.

3. No party, representative, or consultant shall be permitted to obtain, use, or bring on site any of its own photo, video, or other recording equipment of any kind. This ban shall include, but is not limited to, the on-site possession of cellular telephones that contain cameras. This is in recognition of HMMA's policy not to allow outside cameras into the facility. HMMA representatives with digital cameras and video recorders will be available to take pictures and videos as directed by the inspecting parties and will allow them to review the pictures or videos thereafter to see if it meets their approval. All photographs and videos taken by HMMA personnel at the direction of any inspecting party will be reproduced and made available to any

requesting party via an agreed-upon medium (such as CD-ROM, email, VHS tape, digital recording, DVD, etc.) for the reasonable cost of reproducing the same.

    4.    No inspection, photograph, or video recordings will be taken of any part of the manufacturing facility or any equipment therein which does not directly relate to the allegations made in the plaintiff's complaint.  Specifically, the inspection shall be strictly limited to the HMMA General Assembly Department's Cockpit Delivery Drop Lift and the area immediately surrounding the lift.  The term "Cockpit Delivery Drop Lift" includes: the lift, its component parts, and the computer software/hardware associated therewith.  The inspection may also include the Cockpit Module Two Post Drop Lift and the Cockpit Module Two Post Bypass Drop Lift.

    5.    Inspection and any information, photograph, video recordings, or things gleaned there from shall be subject to this and any other orders entered by the Court in this case.

    6.    Any requests for a follow-up inspection will be addressed if and when the need arises.

    7.    The Court will maintain jurisdiction over this Order regarding the inspection and will rule upon any disputes or complaints the parties may have should they not be able to reasonably resolve the same.

8. While on the facility premises, all parties and their representatives will be required to adhere to HMMA's safety standards and requirements, including the use of personal protective equipment.

9. This Order is in addition and supplemental to the previously entered Protective Order (Doc. 14) in this case and is by no means intended to limit or restrict the previous Order in any way.

DONE, this 2nd day of August, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE